F. E. WADDELL, R. T. WADDELL, AND B. B. STONE, INDEPENDENT EXECUTORS OF THE ESTATE OF W. N. WADDELL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87405. Promulgated March 29, 1938.

*George S. Atkinson, Esq.,* for the petitioners.

*Frank M. Thompson, Jr., Esq.,* and *R. B. Cannon, Esq.,* for the respondent.

## OPINION.

Hill: The first and principal issue in this case is whether or not the death of W. N. Waddell, who was a member of the partnership of W. N. Waddell & Co., which partnership owned two installment notes at the date of his death, caused a disposition otherwise than by sale or exchange of such obligations, or any interest therein, within

the purview of section 44 (d) of the Revenue Act of 1932,[1] resulting in taxable income to decedent or to his estate, no bond having been filed under the provisions of the statute.

For a discussion of the constitutionality and application of section 44 (d), see *Crane* v. *Helvering*, 76 Fed. (2d) 99, affirming 30 B. T. A. 29; *Nuckolls* v. *United States*, 76 Fed. (2d) 357; *Provident Trust Co. of Philadelphia* v. *Commissioner*, 76 Fed. (2d) 810, affirming 29 B. T. A. 374; *Moore* v. *United States* (Ct. Cls.), 10 Fed. Supp. 143.

There is no suggestion in the record before us that the installment notes referred to were not worth face value when received by the partnership, nor that the unpaid notes were worth less than face value at the date of decedent's death. There is affirmative evidence that the notes bore interest, and after decedent's death they were paid in full. We have accordingly found as a fact that at both dates mentioned the notes were worth face value. Also, there is no suggestion that the installment obligations had any cost basis and the face value, therefore, represented realized gain to the partnership. The distributive share therein of the decedent has been stipulated by the parties. The sole question presented is whether or not the death of decedent caused a disposition of such installment obligations otherwise than by sale or exchange, within the meaning of the statute, resulting in taxable income to decedent. This question, we think, in the light of circumstances shown, must be answered in the affirmative.

These installment obligations, when received, constituted gain then and there realized by the partnership to the extent of their face value, and the full amount thereof would have been includable in the partnership's gross income for the year of receipt, except for the fact that the statute permits the installment plan of reporting the income for taxation. The provisions of the statute created a privilege which a taxpayer at his election may exercise by reporting for taxation the realized gain when the installment obligations are paid, subject how-

---

[1] SEC. 44. INSTALLMENT BASIS.

\* \* \* \* \* \* \*

(d) GAIN OR LOSS UPON DISPOSITION OF INSTALLMENT OBLIGATIONS.—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full. This subsection shall not apply to the transmission at death of installment obligations if there is filed with the Commissioner, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the person receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment.

ever to the condition imposed by the statute that in the case of a disposition otherwise than by sale or exchange, gain or loss shall result to the extent of the difference between the basis of the obligation and its fair market value at the time of such disposition. *Nuckolls* v. *United States, supra; Lawler* v. *Commissioner*, 78 Fed. (2d) 567, affirming, on this point, 29 B. T. A. 227.

If the facts of the instant case bring it within the terms of the statute, the full amount of the installment obligations unpaid at the time of decedent's death constituted gross income to the partnership. This brings us to a consideration of the specific question whether or not decedent's death resulted in a disposition of such obligations, otherwise than by sale or exchange, under circumstances creating income taxable to decedent.

Petitioners contend that at the time of his death decedent did not own the installment obligations, and hence they were not transmitted as a result of his death; that the notes were the property of the partnership, which insulated decedent against taxation thereon; that all he owned was an undivided interest in the net worth of the partnership and he was entitled only to a distributive share of the net income after payment of its debts. Under this concept the income of a partnership loses its identity as of the particular kind or characteristic when received, and becomes merely ordinary income when distributable to the partners. *Johnston* v. *Commissioner*, 86 Fed. (2d) 732, affirming 34 B. T. A. 276. It is unnecessary, we think, to decide here whether the partnership technically was the owner of the installment obligations, or whether decedent owned directly an undivided two-thirds interest therein. In either event, the deficiency determined by respondent must be approved. If the partnership be regarded as the owner of the installment obligations, a distribution or disposition thereof by the partnership, otherwise than by sale or exchange, resulted from decedent's death, so that the partnership derived recognizable gain equal to the face value of the notes, and decedent became taxable on two-thirds thereof as ordinary income. If decedent be regarded as owning directly a two-thirds interest in the installment obligations, his death effected a transmission thereof resulting in taxable gain of the same amount under section 44 (d).

For an extended discussion of the status of partnerships in relation to income taxation, see *Edward B. Archbald*, 27 B. T. A. 837; affd., 70 Fed. (2d) 720; certiorari denied, 293 U. S. 594; *Johnston* v. *Commissioner, supra*. It is sufficient for present purposes to point out that by the death of decedent the old partnership was automatically dissolved, and the surviving partners and the decedent's estate immediately thereupon became entitled to their respective proportions of the net assets as liquidating distributions. This principle is so generally recognized that citation of authority seems unnecessary.

It is also the law of Texas, as was recognized by the partnerships here involved. Cf. *Carroll* v. *Commissioner*, 70 Fed. (2d) 806. Such is plainly indicated by the following facts: Instead of a formal distribution of the properties of the old partnership, a new partnership was formed by the surviving partners and the decedent's estate, each contributing as partnership capital his interest in the predecessor partnership. The latter filed a return of income on form 1065 for the period January 1 to and including the date of decedent's death on September 14, 1932. The new partnership filed a return of income on form 1065 for the period September 15 to December 31, 1932, showing the date of its organization as September 15, 1932. Separate accounts were set up for the new partnership, in which decedent's estate was shown as a partner instead of decedent.

From these facts, we think it is clear that there was in substance and in fact a disposition, otherwise than by sale or exchange, of the installment notes owned by the old partnership, first to the surviving partners and decedent's estate as liquidating distributions, and secondly there was such a disposition by them to the new partnership in the form of capital contributions according to their several undivided interests, all as a direct result of the death of decedent. But petitioners argue that nevertheless decedent derived no taxable income on account of the installment obligations in question because (1) the partnership was entitled to maintain its capital intact, (2) it was indebted to the bank in an amount in excess of the face value of the installment notes, and (3) the proceeds of the notes were paid on the indebtedness to the bank, and therefore neither decedent nor his estate ever became entitled to receive any distributive share of such proceeds.

In our opinion, petitioners' contention on this point is unsupportable. Since decedent's estate, at the time of his death and consequent dissolution of the old partnership, became entitled to his distributive portion of the gain represented by the installment obligations, petitioners can not escape tax thereon by reason of the fact that they elected to reinvest such amount in the new partnership. And the mere fact that the old partnership was indebted to the bank is not sufficient to show that such right to receive decedent's distributive share did not exist, and there is no proof that if the installment obligations had been converted into cash, a distribution thereof to the several surviving partners and decedent's estate would have resulted in an impairment of the partnership capital. A partner is taxable directly upon his distributive share of the partnership net income, whether distributed or not.

The case at bar is distinguishable from *Harold G. Ferguson*, 34 B. T. A. 522, cited by petitioners. There we held that the transfer of beneficial interests in a trust, the corpus of which consisted of

installment obligations, was not the equivalent of the disposition of installment obligations within the meaning of section 44 (d). Also, in *Detroit Trust Co. et al., Executors*, 34 B. T. A. 586, we held that installment. obligations which constituted the corpus of a trust were not transmitted by the death of the beneficiary, and that section 44 (d) did not operate to charge the decedent's estate with taxable gain for the period prior to his death. Here there was an actual disposition of installment obligations themselves as a result of decedent's death, not merely a transmission or disposition of a beneficial interest therein.

On the first issue, respondent's determination is approved.

The second issue involves the 25 percent penalty determined by respondent for failure to make and file a return within the time required by law, as provided in section 291 of the Revenue Act of 1932. No return was filed by petitioners in the instant case, on the theory that there was no taxable income. But since we have found that there was taxable income, it follows that a return should have been filed. In these circumstances, the imposition of a penalty is mandatory. *Paul L. Case*, 37 B. T. A. 365, and authorities cited.

Reviewed by the Board.

*Judgment will be entered for the respondent.*