## WADDELL et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8895.

Circuit Court of Appeals, Fifth Circuit.
March 13, 1939.

Geo. S. Atkinson, of Dallas, Tex., for petitioners.

Mills Kitchin, Sewall Key, and Lee Jackson, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

On the assumption that certain instalment obligations, resulting from the sale of mineral interests, were partnership properties, the Board[1] found that by the death of W. N. Waddell, one of the partners, the obligations, at least as to his interest in them, were, within Sec. 44(d) Revenue Act of 1932,[2] distributed, transmitted or otherwise disposed of, with a resulting taxable gain for that year of the unpaid instalments.

Petitioners are here vigorously controverting this conclusion. They urge upon us that the obligations as to which the tax was imposed, were not owned by W. N. Waddell individually, but by the partnership, and therefore were not and could not have been transmitted by his death. They point out that particular properties of a firm are owned, not by the partners in individual moieties, but by the partnership, the interest of the members

---

[1] 37 B.T.A. 565.

[2] "(d) Gain or loss upon disposition of installment obligations. If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation * * * or (2) in case of a distribution, transmission or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition." Revenue Act of 1932, c. 209, 47 Stat. 169, § 44, Installment Basis, 26 U.S.C.A. § 44(d).

being merely a chose in action, an interest in the firm's net worth, with no right in or to individual properties, except after dissolution, and in liquidation after the business of the firm is wound up and all debts paid. Martin v. Dial, Tex.Com.App., 57 S.W.2d 75, 89 A.L.R. 571; 32 Texas Jurisprudence, 487–505; Altgelt v. Alamo National Bank, 98 Tex. 252, 83 S.W. 6; Ramon v. Ramon, Tex.Civ.App., 10 S.W.2d 584; Diamond v. Gust, Tex.Civ.App., 206 S.W. 366; Moore v. Steele, 67 Tex. 435, 3 S.W. 448; Oliphant v. Markham, 79 Tex. 543, 15 S.W. 569, 23 Am.St.Rep. 363. They insist, therefore, that Waddell's death had no effect to transmit, distribute, or otherwise dispose of the instalment obligations, or any other firm property as such. It had only the effect of bringing the activities of the firm to an end, with no other consequences than those incident to partnerships thus terminated, dissolution, liquidation, ascertainment and distribution of net worth. They as vigorously deny to the formation of the new partnership, with the estate of Waddell as partner, the imputed effect of a distribution of the instalment obligations, so as to make them taxable to Waddell. Urging upon us that an estate in Texas is without capacity to assume partnership relations, 32 Texas Jurisprudence 531; Alexander's Executors v. Lewis, 47 Tex. 481; Lowenstein v. Keller, Tex.Civ.App., 46 S.W. 878, they insist that no new partnership was or could be formed. But they urge further that if the formation of a new partnership was possible, it did not occur here, for here there was no real distribution, or attempted distribution, of the instalment obligations, or of any particular property as such. There were merely formal entries on the books, crediting to the estate of Waddell the interest in the partnership which stood in Waddell's name at his death; an interest which, not an interest in Waddell in particular property, was not made such an interest merely by recognizing his estate as partner in his place, and therefore now the owner of his interest.

In addition, they insist that if making the estate a partner had any effect, it was not to accrue income to Waddell, because occurring after his death if any income was realized by it, which is denied, it was income not to Waddell, but to his estate. They therefore insist that neither Waddell's death nor the formation of the new partnership, nor both together, had or

could have the effect imputed by the Commissioner and the Board of accruing instalment obligations, under Sec. 44(d) Revenue Act of 1932, and making them taxable in the year of his death.

Here the Commissioner, conceding all that is claimed by petitioners as to the general nature of partnerships, and the interest of each partner in them, insists that these matters are without bearing on or significance in, the determination of the issue presented here. That issue is whether a member of a partnership which has made a sale on the instalment basis, can both have his cake and eat it too; can take the benefits of Sec. 44 by reporting on the instalment basis, Roy v. Com'r, 5 Cir., 69 F.2d 786, while remaining free of the burdens of the section, that gains shall result in case of a distribution, transmission, or disposition otherwise than by sale or exchange.

To petitioners' insistence that the Commissioner's position begs the question, for the instalment obligations were not by Waddell's death either distributed, transmitted or otherwise disposed of, but his death only transmitted his interest in the net worth of the firm, the Commissioner replies, not so. The death of Waddell effected a dissolution of the firm, and within Sec. 44(d) an immediate transmission to his estate of a two-thirds interest in all of the property of the partnership including the instalment obligations.

In addition to their reliance upon the general principles, of partnership, petitioners cite Ferguson v. Com'r, 34 B.T.A. 522, and Detroit Trust Co. v. Com'r, 34 B.T.A. 586, holding in the one case, that the transfer, in the other, that the transmission, by death, of beneficial interests in a trust, the corpus of which consisted of instalment obligations, was not a transmission or disposition of instalment obligations within the meaning of the Section. The Commissioner, on his part, relies on the general principle that the death of a partner dissolves the partnership, and vests in his estate, and in each surviving partner, an immediate interest in the properties of the firm, subject only to liquidation. Carroll v. Com'r, 5 Cir., 70 F.2d 806. Pointing out the clear and consistent recognition throughout the taxing laws of the difference between a trust and a partnership that a trust is a taxpayer, separate and apart from its beneficiaries, and a partnership is not; that the

profits of a trust are not taxable to its beneficiaries, unless currently distributable, while partners are taxable on their proportionate shares, whether distributed or not, he insists that the trusts cases on which petitioners rely, are wholly without application.

In further support the Commissioner argues, that since the result of petitioners' contention is to create a lacuna in the Section, under which instalment sales by partners obtain preferential treatment over instalment sales by individuals, the burden lies heavily on petitioners to show that no other construction than the one they contend for, can reasonably be made. Crane v. Helvering, 2 Cir., 76 F.2d 99; c/f Helvering v. New York Trust Co., 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361.

We think that under the undisputed facts as the record discloses them, the Commissioner has the right of it.

We will assume, as petitioners, the Commissioner, and the Board have assumed, though but for the assumption the matter would be debatable, if not greatly in doubt, that the instalment obligations in question were the property of the partnership and not of the individual members.[3]

So assuming, we agree with the Commissioner and the Board that Waddell's death effecting an immediate dissolution of the partnership, caused an immediate vesting in his estate, subject to the rights and duties incident to the partnership liquidation, of a ⅔ interest in each and every piece and parcel of the partnership property, and subject alone to the liquidation, transmitted to his estate the ⅔ interest in the instalment obligations which, before his death and the dissolution of the partnership, the partnership upon this assumption, had owned. c/f Carroll v. Com'r, 5 Cir., 70 F.2d 806.

[3] There is no evidence, except the making of the notes to the partnership, and their having been set up on the books of the partnership, that the notes were partnership property. It is stipulated that at the time of his death Waddell was a member of the partnership firm, known as W. N. Waddell & Company, engaged in cattle raising, with headquarters at Odessa, Texas. He owned a ⅔ interest in the partnership, F. E. Waddell, and E. K. Bowman owned a ⅙ each. "At the date of the formation of the partnership, W. N. Waddell, F. E. Waddell and E. K. Bowman owned the fee simple title in and to certain lands in Crane County, Texas. On April 2, 1917, the partnership agreement attached was entered into by and between the individuals."

On May 8, 1930, the Penn Oil Company purchased an undivided mineral interest by deed from W. N. Waddell, F. E. Waddell and E. K. Bowman, comprising the firm of W. N. Waddell & Company, for a consideration of $100,000 to be paid to the partnership in four instalment notes. The partnership agreement recited that the partnership was organized to engage in the general cattle and ranching business. As to the lands, the mineral interest in which are in question, it recited "the parties hereto as individuals, are the owners in the proportions above named, of W. N. Waddell ⅔, Frank Waddell ⅙ and E. K. Bowman, ⅙, of land which is to be used by the firm in conducting a ranching business, but its operations may not be confined thereto. While the firm uses said lands it shall not pay the individual owners thereof any compensation for such use."

On the face of this showing, though the notes were payable to the partnership, and were treated on its books and on its income tax returns as the property of the partnership, it might well have been seriously contended by the Commissioner; that the mineral interest in the land, and the notes derived from its sale, were not the property of the partnership, but of the individuals, for property owned individually is not and does not become partnership property without a clear intention to make it so. Lee v. Wysong, 5 Cir., 128 F. 833; Carothers v. Alexander, 74 Tex. 309, 12 S.W. 4; Griffie v. Maxey, 58 Tex. 210; and that, as his individual property, W. N. Waddell's ⅔ interest in the notes was transmitted at his death. It is recognized in Texas, however, that the intention of the partners determines the question as to whether realty used by the firm is firm assets, such intention being manifested by their acts and agreements, expressed or implied. Murrell v. Mandelbaum, 85 Tex. 22, 19 S.W. 880, 34 Am.St.Rep. 777; by the terms of conveyance and other circumstances, Williams v. Meyer, Tex.Civ.App., 64 S.W. 66; Luck v. Hopkins, Tex.Civ. App., 54 S.W. 429, and that land will be regarded as held in trust for the firm by agreement, or by operation of law where it has been brought into the partnership as assets, though title be held by the members as cotenants, or by some and not all of them. Brinkley v. Harkins, 48 Tex. 225; Marrast v. Smith, Tex.Civ. App., 53 S.W. 707.

It will not do, we think, to argue as petitioners do, that Waddell's death resulted in the transmission, not of an interest in the notes, but merely of an interest in the partnership, and that his estate stood, as to his interest in the partnership, in the same case that he stood in before his death, for his death operated not only to transmit an interest, but to change the character and condition of the interest transmitted, from an interest in a going partnership to an interest in the property of a dissolved one.

While we are firmly of the opinion that this is the natural, indeed, the only reasonable construction to be placed on the words of the statute, as applied to the facts of this case, and that resort to interpretation to carry out its intent is not necessary, we agree with the Commissioner also that this is a required construction if the intent and purpose of the Act is to be carried out, and that the Act easily yields such a construction.

The order of the Board is affirmed.