OPINION. Murdock, Judge: The petitioners first contention is that section 107 (a) applies. They cite no cases in point. Section 107 (a) provides: If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. No large amount was received or accrued in 1944 either by the petitioners or their partnership exclusively for continuous personal services rendered to any outsider. The petitioners did not render personal services to or receive compensation from any outsiders. They were members of the partnership. They were allotted interests in the partnership earnings upon the basis of services to be rendered by them, not to outsiders, but to the partnership. Their distributive shares of the net income of the partnership were earned through many sales of houses and lots. The partnership acquired land, subdivided it, built houses, and sold the houses and lots. The services of the petitioners and capital, both invested and borrowed, were used in the business to produce profits. The gross receipts were received, not from one source, but from many purchasers of many properties. The purchasers paid for houses and lots. They made no payments solely for personal services, as contemplated by section 107 (a). Large items, such as cost of land, building costs, and selling expense, had to be subtracted before the net profit of the partnership from sales could be determined. This was obviously not the kind of a situation to which section 107 (a) was intended to apply. The Commissioner did not err in refusing to apply it. Section 44 (b) provides that the income from a sale of real property, in which the initial payments do not exceed 30 per cent of the selling price, may be returned on the installment basis under regulations prescribed by the Commissioner. The partnership elected in 1943 to report its profits from sales of real estate on the installment basis. The Commissioner concedes that it had the right to report its income in that way. The partnership dissolved during the next calendar year and in that year transmitted or otherwise disposed of the second-trust notes which were the installment obligations. Section 44 (d) provides that if an installment obligation is transmitted or otherwise disposed of, gain or loss shall result at that time to the extent of the difference between the basis of the obligation and the fair market value of the obligation at the time of such transmission or disposition. The partnership followed that provision of the law in its return for the period ended September 15,1944. It does not now claim that it erred either in respect to the basis or the fair market value which it used in reporting its profit from the transmission or disposition of the second-trust notes. The determination of the Commissioner is consistent with the method used by the partnership in filing its return for the period ended September 15, 1944, and the Commissioner insists that the method was proper. However, the petitioners now claim that they should continue to report their profits from the installment obligations on the installment method. They say that section 44 (d) does not apply, because the installment obligations were not disposed of within the meaning of that section when they were transferred to the trust. The facts show, however, that the partnership, which owned the installment obligations and was reporting on the installment method, completely disposed of all of the installment obligations and transmitted them to the trust, following which the partnership went out of existence. This is just the kind of a situation to which section 44 (d) was intended to apply and expressly applies.. Certain exceptions are made in section 44 (d) and there are others resulting from other provisions of the Code. But hone of those exceptions applies in the present case, which makes it more apparent that the general rule of section 44 (d) applies. Cf. F. E. Waddell, 37 B. T. A. 565, affd., 102 F. 2d 503; Estate of Henry H. Rogers, 1 T. C. 629, affd., 143 F. 2d 695, certiorari denied, 323 U. S. 780; Estate of Meyer Goldberg, 15 T. C. 10. Decisions will be entered for the respondent.