*Decision will be entered under Rule 50.*

RHETT W. WOODY AND INEZ WOODY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36396, 36397. Promulgated November 28, 1952.

*Carl A. Morring, Jr., Esq.*, for the petitioners.
*Homer F. Benson, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge:* The first issue arises from the following facts: During the years 1943 through 1945, the petitioner and another, doing business as partners, made installment sales of merchandise which they reported under the installment basis provisions of section 44 (a)[1] of the Internal Revenue Code. On May 31, 1946, the balance of the installment obligations totaled $47,154.56, of which $17,958.51 represented unrealized gross profits from the installment sales. On May 31, 1946, the petitioner disposed of his interest in the installment obligations by selling his partnership interest to his partner. The respondent has added to the petitioner's 1946 income as ordinary gain one-half of the unrealized gross profits.

The petitioner contends his only gain was a capital gain realized on the sale of his partnership interest. He refers to authorities setting forth the general rule that a partnership interest is a capital asset regardless of the nature of the partnership properties. *Swiren* v. *Commisssioner*, 183 F. 2d 656, certiorari denied 340 U. S. 912; *Commissioner* v. *Smith*, 173 F. 2d 470, certiorari denied 338 U. S. 818, affirming 10 T. C. 398; *Commisssioner* v. *Estate of Daniel Gartling*, 170 F. 2d 73; *McClellan* v. *Commissioner*, 117 F. 2d 988, affirming 42 B. T. A. 124; *Stilgenbaur* v. *United States*, 115 F. 2d 283; *Helvering* v. *Smith*, 90 F. 2d 590.

From these authorities, the petitioner concludes that the disposition of the installment obligations and the unrealized profits they represented should be treated no differently than the disposition of the remaining assets. That is, he urges us to regard the entire transaction as merely the sale of a capital asset and compute the gain accordingly.

The petitioner's argument is contrary to the express provisions of the Code governing the disposition of installment obligations. The provisions of section 44 (a) permitting a taxpayer to report as gross income only a portion of the cash received from installment sales create a privilege. However, that privilege is subject to the condi-

---

[1] SEC. 44. INSTALLMENT BASIS.

(a) DEALERS IN PERSONAL PROPERTY.—Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.

tion imposed by section 44 (d),[2] which provides that gain or loss shall result from the disposition of installment obligations and sets forth in detail how that gain or loss is measured, and in addition provides that "Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received." Cf. *F. E. Waddell*, 37 B. T. A. 565, affd. 102 F. 2d 503; *Goldberg's Estate* v. *Commissioner*, 189 F. 2d 634, affirming 15 T. C. 10; *Doyle J. Dixon*, 16 T. C. 1016. The property in respect of which these installment obligations were received was a non-capital asset, namely, merchandise or stock in trade.

The cases relied upon by the petitioner are ones where there is no express provision of the Code for the determination of the amount and nature of the gain. They are not determinative here. We hold, pursuant to section 44 (d), that a gain resulted from a disposition of installment obligations and that since the installment obligations were received for merchandise or stock in trade, the gain constitutes ordinary income. Cf. *F. E. Waddell, supra; Goldberg's Estate* v. *Commissioner, supra; Doyle J. Dixon, supra.*

The amount of the gain is computed by the formula set forth in section 44 (d). It is the difference between the basis [3] of the installment obligations and the amount realized upon their disposition. We have found that to be $8,979.25.[4] This is the figure used by the Commissioner in making his determination and we have been furnished with no evidence which would warrant our adopting a different figure.

The facts relating to depreciation on farm buildings, farm costs, and travel expenses are set out in our findings. The record fully justifies their deduction as ordinary and necessary business expenses. Section 23 (a) (1) (A) ; section 23 (l).

The petitioner Rhett Woody did not contest the respondent's determination that for the taxable year 1945 his net income was $13,153.42 rather than $7,519.55 as reported. The difference of $5,633.87 consisted of unreported partnership income in the amount of $4,883.87 and an excessive deduction for a capital loss that was reported as an

---

[2] (d) GAIN OR LOSS UPON DISPOSITION OF INSTALLMENT OBLIGATIONS.—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received. * * *

[3] Section 44 (d) provides that "The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full."

[4] Adjustment of the basis and sales price to give effect to this determination can be made under Rule 50.

ordinary loss. The failure to contest or explain the items or to offer any excuse about them warrants sustaining the respondent's determination of a negligence penalty for 1945.[5]

We do not think the negligence penalty as determined for 1946 should be sustained. The larger part of the deficiency results from the petitioner's treatment of the sale of his partnership interest and the disposition of installment obligations. While we have found petitioner's treatment erroneous, he followed the advice of a qualified public accountant conversant with tax matters. The other items were fully explained in his income tax return. Cf. *Hatfried* v. *Commissioner*, 162 F. 2d 628; *Davis* v. *Commissioner*, 184 F. 2d 86; *Haywood Lumber & Mining Co.* v. *Commissioner*, 178 F. 2d 769; *Joe W. Scales*, 18 T. C. 1263; cf. *Pullman, Inc.*, 8 T. C. 292; *Davis Regulator Co.*, 36 B. T. A. 437.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

[5] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.