WALTER DEMKOWICZ and DOROTHY DEMKOWICZ, Petitioners [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Demkowicz v. Commissioner
Docket Nos. 8480-72, 8481-72, 8482-72.
United States Tax Court
T.C. Memo 1975-278; 1975 Tax Ct. Memo LEXIS 94; 34 T.C.M. (CCH) 1201; T.C.M. (RIA) 750278; September 4, 1975, Filed Edwin Fradkin and Harvey R. Zeller, for the petitioners. Robert N. Ginsburg and William J. Salica, for the respondent. GOFFE
*95 MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in and additions to the Federal income taxes of petitioners as follows: Addition
Docket
Taxable
Income Tax
to Tax Petitioners
Number
Year
Deficiency
Sec. 6653(a)
Walter and Dorothy
Demkowicz
8480-72
1966
$16,111.92
$ 805.59
1967
22,398.86
1,119.94
1968
1,770.59
88.53
1969
1,710.77
85.84
Walter Demkowicz,
Inc.
8481-72
1966
24,672.36
1,233.62
1967
726.07
36.30
1968
786.84
39.34
1969
106.06
0
New Home Projects,
Inc.
8482-72
1967
21,912.22
1,095.61
1968
2,075.93
103.80 The cases were consolidated for trial, briefs and opinion. The issues for decision are: 1. Whether the transfer by Petitioner Walter Demkowicz, Inc., of its property located at 28-32 North Avenue, Elizabeth, New Jersey, to Walchrist, Inc., a related corporation, was a sale resulting in a gain of $56,157.14 in its taxable year 1966 or merely a refinancing transaction. 2. Whether the transfer by Petitioner New Home Projects, Inc., of its property located at 11 Hazard Place, Elizabeth, New Jersey, to Phyllis *96 Arms, Inc., a related corporation, was a sale resulting in a gain of $40,885.42 in its taxable year 1967 or merely a refinancing transaction. 3. If either of the above transfers were sales, whether section 1239(a) applies to such a sale between two corporations where more than 80 percent in value of each corporation's outstanding stock is owned actually or constructively by the same individual so that the gain recognized by the selling corporation is taxable as ordinary income rather than as long-term capital gain. 4. Whether Petitioner Walter Demkowicz, Inc., failed to report rental income of $3,826.74 and $3,685.10 in 1967 and 1968, respectively, and whether such amounts were received by Walter and Dorothy Demkowicz as unreported dividend income. 5. Whether Petitioner New Home Projects, Inc., failed to report rental income of $9,615.50 and $8,932.08 in 1967 and 1968, respectively, and whether such amounts were received by Walter and Dorothy Demkowicz as unreported dividend income. 6. Whether a $44,000 loan from a Mr. Checinski to Walter Demkowicz, Inc., in 1965, secured by a second mortgage on property owned by Walter Demkowicz, Inc., was used by Walter Demkowicz to organize *97 Franwal Realty Co., Inc., and thereby constituted dividend income in 1966 to Walter Demkowicz from Walter Demkowicz, Inc. 7. Whether Petitioners Walter and Dorothy Demkowicz realized unreported dividend income in 1967 from New Home Projects, Inc., in the amount of $39,288.34 composed of $7,288.34 in cash and 16 shares of Franwal Realty Co., Inc., stock valued at $32,000. 8. Whether Petitioners Walter and Dorothy Demkowicz realized unreported dividend income of $9,290.80 in 1967 from Franwal Realty Co., Inc. 9. Whether Petitioners Walter and Dorothy Demkowicz received unreported commission income of $1,000 in both 1967 and 1968. 10. Whether Petitioner Walter Demkowicz earned and failed to report income of $3,792.76 in 1968 for services performed. 11. Whether Petitioners Walter and Dorothy Demkowicz realized and failed to report a gain of $15,935.28 from the sale of the stock of Walter Arms, Inc., in 1967. 12. Whether Petitioners Walter and Dorothy Demkowicz are entitled to a partnership loss of $14,458.28 in 1969. 13. Whether Petitioners Walter and Dorothy Demkowicz are liable for the negligence penalty imposed by section 6653(a), [2] Internal Revenue Code *98 of 1954, for the taxable years 1966, 1967, 1968 and 1969. 14. Whether Petitioner Walter Demkowicz, Inc., is liable for the negligence penalty imposed by section 6653(a), Internal Revenue Code of 1954, for the taxable years 1966, 1967 and 1968. 15. Whether Petitioner New Home Projects, Inc., is liable for the negligence penalty imposed by section 6653(a) for the taxable years 1967 and 1968. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by this reference. Petitioners Walter and Dorothy Demkowicz are husband and wife and filed joint Federal income tax returns for the taxable years 1966, 1967, 1968 and 1969. They resided in Linden, New Jersey, when their petition was filed. Ninety-eight percent of the common stock of Walter Demkowicz, Inc. (W.D. Inc.), a petitioner herein, was owned by Petitioner Walter Demkowicz. W.D. Inc., a New Jersey corporation, filed its corporate Federal income tax returns on a calendar year basis, and its *99 principal place of business was in Linden, New Jersey, when it filed its petition. W.D. Inc., constructed and owned a building located at 28-32 North Avenue, Elizabeth, New Jersey, which was mortgaged for a $122,500 loan on August 20, 1963, from Elizabeth Federal Savings and Loan Association. On August 12, 1965, W.D. Inc. borrowed $54,000 from David Checinski evidenced by a note and secured by a second mortgage on the 28-32 North Avenue property. The net amount of the Checinski loan, $46,600 after reduction for points and other costs, was deposited in a W.D. Inc. account at the National State Bank. On April 7, 1966, W.D. Inc. sold the 28-32 North Avenue property to Walchrist, Inc. for $204,000. Walchrist borrowed $140,000 from Pulaski Savings and Loan Association with a mortgage on the 28-32 North Avenue property as security. The proceeds from the $140,000 loan were used to satisfy, among other items, the outstanding balance of $113,315.85 on the W.D. Inc. loan from Elizabeth Federal Savings and Loan Association; $10,000 in cash was paid directly to David Checinski on the second mortgage and $12,174.49 remaining cash was paid to W.D. Inc. which Walter Demkowicz caused to be used *100 for repayment of debts of Franwal Realty Co., Inc. As part of the terms of the $204,000 purchase price, Walchrist assumed the existing debt of W.D. Inc. of $44,000 owed to David Checinski. Walchrist, Inc. was incorporated in 1966 in New Jersey by petitioner, Walter Demkowicz, to permit refinancing and to establish a willing buyer for refinancing purposes. Its outstanding stock was held by Petitioner Walter Demkowicz and Maria and Michael Demkowicz, his mother and father. Neither Maria nor Michael Demkowicz paid any consideration for their ownership of the Walchrist stock and, subsequent to the transfer of the 28-32 North Avenue property, Walter Demkowicz acquired the stock without payment of any consideration. The 28-32 North Avenue property was the only property owned by Walchrist, Inc. during the years in dispute. On or about January 6, 1969 Konstanty and Marta Nowicki purchased the Walchrist, Inc. stock from petitioner for approximately $133,280. All of the common stock of Petitioner New Home Projects, Inc. was owned by Petitioner Walter Demkowicz. New Home Projects, Inc., a New Jersey corporation, filed its corporate Federal income tax returns on a calendar year basis and *101 its principal place of business was in Linden, New Jersey, when it filed its petition. It owned a building located at 11 Hazard Place, Elizabeth, New Jersey, which was mortgaged for a $102,000 loan on January 24, 1964 from Elizabeth Federal Savings and Loan Association. On June 12, 1967 New Home Projects sold the 11 Hazard Place property to Phyllis Arms, Inc. for a stated consideration of $144,000. Phyllis Arms borrowed $102,000 from Elizabeth Federal Savings and Loan Association with a mortgage on the 11 Hazard Place property as security. The proceeds from the $102,000 loan were used to satisfy, among other items, the outstanding balance of $91,659.94 on the loan that New Home Projects obtained from Elizabeth Federal Savings and Loan Association and $7,288.34 in cash was paid directly to New Home Projects which, in turn, deposited the funds to the bank account of Walter Demkowicz. As part of the terms of the sale Phyllis Arms also gave New Home Projects a promissory note for $2,733.32. In addition, a $10,000 promissory note from New Home Projects to Edmund Jopek, president of Phyllis Arms, was surrendered to Phyllis Arms. Although the terms of the sale recite that 16 shares of Franwal *102 Realty Co., Inc. stock having a value of $32,000 were assigned to New Home Projects, Edmund Jopek assigned the shares to Walter Demkowicz personally sometime in 1970 or 1971 and he received consideration for the sale of stock at that time. The common stock of Phyllis Arms, Inc., a New Jersey corporation, was owned by Walter Demkowicz and Edmund and Maria Jopek. The Jopeks did not pay any consideration for their stock in Phyllis Arms and Walter Demkowicz subsequently acquired the stock without the payment of any consideration. The Jopeks held their share of the Phyllis Arms stock as nominees for the benefit of Walter Demkowicz. W.D. Inc. and New Home Projects did not report their respective transfers of the property at 28-32 North Avenue and the property at 11 Hazard Place on their corporate Federal income tax returns for the years in question. Walter Demkowicz delivered all documents and checks to his bookkeeper-accountant and relied on the bookkeeper-accountant for the preparation of the various individual and corporate Federal income tax returns for the years in question. The Commissioner, in his statutory notice of deficiency mailed to W.D. Inc., determined that W.D. Inc. *103 sold the 28-32 North Avenue property to Walchrist, Inc., a related corporation, for $184,000 and having an adjusted basis of $127,842.86, W.D. Inc. realized $56,157.14 of ordinary income. He also determined that W.D. Inc. received additional unreported rental income of $3,826.74 and $3,685.10 in 1967 and 1968, respectively. In his statutory notice of deficiency mailed to New Home Projects, the Commissioner determined that New Home Projects sold the 11 Hazard Place property to Phyllis Arms, Inc., a related corporation, for $144,000 and having an adjusted basis of $103,114.58, New Home Projects realized $40,885.42 of ordinary income. He also determined that New Home Projects received additional unreported rental income of $9,615.50 and $8,932.08 in 1967 and 1968, respectively. With respect to Walter and Dorothy Demkowicz, the Commissioner, in his statutory notice of deficiency, determined that: (1) In 1966 Walter Demkowicz diverted a $44,000 loan received by W.D. Inc. from David Checinski to his personal use and failed to report it as dividend income; (2) As a result of the sale in 1967 by New Home Projects, of the 11 Hazard Place property to Phyllis Arms, petitioners received *104 $7,288.34 in cash and 16 shares of Franwal Realty Co., Inc. stock valued at $32,000 which belonged to New Home Projects, Inc., and failed to report such items as dividend income; (3) In 1967 and 1968, petitioners received unreported dividends in the respective amounts of $3,826.74 and $3,685.10 from the diversion and personal use of unreported rent receipts of W.D. Inc.; (4) In 1967 and 1968 petitioners received unreported dividends in the respective amounts of $9,615.50 and $8,932.08, from the diversion and personal use of unreported rent receipts of New Home Projects, Inc.; (5) Petitioners received an unreported dividend of $9,290.80 in 1967 from their use of corporate funds of Franwal Realty Co., Inc.; (6) In both 1967 and 1968 petitioners received $1,000 in unreported commission income from Park Appliances; (7) In 1968 petitioners failed to report $3,792.76 received from a Mr. Korczynski for personal services; (8) In 1967 petitioners sold their stock in Walter Arms, Inc., and failed to report $15,935.28 long-term capital gain; (9) A partnership loss of $14,458.28 claimed in 1969 from an alleged partnership known as Franwal Realty Co., was not allowable because the *105 said loss was a corporate loss of Franwal Realty Co., Inc. In all his statutory notices, the Commissioner determined that all petitioners were liable for the addition to tax provided by section 6653(a) of the Code for all years except W.D. Inc. for 1969. ULTIMATE FINDINGS OF FACT 1. Walter Demkowicz, Inc. sold its property located at 28-32 North Avenue to Walchrist, Inc. in 1966 for a taxable gain of $56,157.14. 2. New Home Projects, Inc. sold its property located at 11 Hazard Place to Phyllis Arms, Inc. in 1967 for a taxable gain of $8,885.42. 3. Walter and Dorothy Demkowicz received and failed to report as dividend income in 1967 and 1968 the respective sums of $3,826.74 and $3,685.10 which was rental income taxable to Walter Demkowicz, Inc. 4. Walter and Dorothy Demkowicz received and failed to report as dividend income in 1967 and 1968 the respective sums of $9,615.50 and $8,932.08 which was rental income taxable to New Home Projects, Inc. 5. Walter Demkowicz used the proceeds of a loan from a Mr. Checinski to Walter Demkowicz, Inc. in the amount of $44,000 for his personal use in 1966; that sum is, therefore, taxable as a dividend to Walter Demkowicz. 6. Petitioners *106 Walter and Dorothy Demkowicz received dividend income of $7,288.34 from New Home Projects in 1967 deposited to their personal bank account which they failed to report on their Federal income tax return for that year. 7. Petitioners Walter and Dorothy Demkowicz received dividend income in the amount of $9,290.80 from Franwal Realty Co., Inc. in 1967 which they failed to report on their Federal income tax return for that year. 8. Petitioners Walter and Dorothy Demkowicz received commission income of $1,000 in each of the years 1967 and 1968 which they failed to report on their Federal income tax returns for those years. 9. Petitioner Walter Demkowicz earned $3,792.76 in 1968 for services performed which he failed to report as income on the joint Federal income tax return he filed with Dorothy Demkowicz for that year. 10. Petitioners Walter and Dorothy Demkowicz sold stock in Walter Arms, Inc. in 1967 realizing a gain of $15,935.28 which they failed to report on their Federal income tax return for that year. 11. Petitioners Walter and Dorothy Demkowicz did not sustain a loss as partners in a partnership known as Franwal Realty Co. in 1969 in the amount of $14,458.28. 12. The *107 underpayments of tax by petitioners for the following taxable years was due, in part, to negligent disregard of the income tax rules and regulations: Petitioners Walter and Dorothy Demkowicz
1967, 1968, 1969
Petitioner Walter Demkowicz, Inc.
1966
Petitioner New Home Projects, Inc.
1967, 1968
OPINION Respondent contends that the real property transfers between W.D. Inc., and Walchrist, Inc., and between New Home Projects, Inc., and Phyllis Arms, Inc., constituted valid sales between viable corporate entities. He then seeks to characterize the entire gain on the sales as ordinary income rather than long-term capital gain under section 1239(a). [3]
*108 On the other hand, petitioners challenge the characterization of the transfers as sales and contend that the sales were artificial, created solely to show willing buyers at inflated prices to obtain "refinancing" and, consequently, were shams not only for financing purposes but shams for purposes of taxation. Alternatively, if the real property transfers were sales, petitioners urge us to find that the gain realized by W.D. Inc., and New Home Projects was long-term capital gain. Initially, petitioners concede that both Walchrist and Phyllis Arms are viable separate tax entities. In this regard, the Supreme Court in Moline Properties,Inc. v. Commissioner,319 U.S. 436, 439 (1943), stated that where a taxpayer has "adopted the corporate form for purposes of his own," the "choice of the advantages of incorporation to do business * * * required the acceptance of the tax disadvantages." Petitioners urge that the transfers were created solely to enable refinancing and, relying on Marion A.Blake,8 T.C. 546 (1947), the transfers should not result in taxable dispositions. Blake is distinguishable because it is clear that petitioners therein *109 did not intend nor did they in fact terminate their interest in the real property when refinancing. In Blake, contrary to the facts before us, legal title was transferred as a matter of security. In our case, it is apparent that the lending institutions were unaware of the inflated purchase prices upon which their loans were founded. Nonetheless, as a result of the transactions, Walchrist and Phyllis Arms secured financing and applied the borrowed funds in satisfaction of the various obligations owed by W.D. Inc., and New Home Projects. In furtherance of such scheme, Walchrist assumed a $44,000 debt owed by W.D. Inc., to David Checinski. Similarly, Phyllis Arms gave a promissory note for $2,733.32 to New Home Projects. Whether the sales were shams for financing purposes is immaterial for purposes of taxation which is controlled by economic substance. With the economic realities and the tax integrity of the individual entities in mind, the long-standing rule that being relieved of a debt, either by assumption or acceptance of property subject to the debt, constitutes an amount realized under *110 section 1001(a), requires that we find the questioned transfers to be sales. Crane v. Commissioner,331 U.S. 1 (1947). We find that the transfers were sales with the amounts realized being the amounts determined by the Commissioner except for the purported assignment of 16 shares of Franwal Realty Co., Inc., common stock accompanying the 11 Hazard Place transfer by New Home Projects to Phyllis Arms. We have no evidence supporting the assignment other than a recitation of such a fact in the closing agreement which is overcome by the actual transfer of the stock in 1970 or 1971 for separate consideration. Consequently, we reject respondent's contention that New Home Projects had rights in the Franwal stock sufficient to warrant a conclusion that there was constructive receipt. Having concluded that the real property transfers were sales, respondent urges that Maria and Michael Demkowicz held the Walchrist stock and the Jopeks held the Phyllis Arms stock as nominees for Walter Demkowicz. As a consequence, he then urges that Petitioner Walter Demkowicz controlled more than 80 percent in value of both the buyer and seller corporations and, as such, comes within the *111 purview of section 1239 which requires ordinary income recognition of the gain on the sales. Assuming sufficient control, section 1239(a) does not specifically apply to a sale from one controlled corporation to another controlled corporation. In 10-42 Corporation,55 T.C. 593 (1971), and Roy Miller,510 F.2d 230 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, it was held that section 1239 does not encompass sales between controlled corporations. We adhere to our prior opinions for the reasoning set forth therein. Respondent's arguments on brief were rejected in our prior opinions. However, certain language in 10-42 Corporation,supra, warrants clarification: If the Commissioner had offered or been able to offer evidence that the corporations involved were not viable bona fide corporations or that this transaction was a sham, we would have little trouble in accepting his desire to pierce the corporate veil, but without such evidence such a thrust must fail. [55 T.C. at 598.] [Emphasis added.] The language emphasized above *112 has reference to transactions which are designed as shams for tax purposes; the transactions under review constituted shams upon the lending institutions but both as to form and substance constituted sales for purposes of taxation. Since W.D. Inc., and New Home Projects have not offered any evidence to challenge respondent's determination of unreported rental income in 1967 and 1968, the respective amounts determined by the Commissioner, $3,826.74 and $3,685.10 received by W.D. Inc., and $9,615.50 and $8,932.08 received by New Home Projects, are accordingly found. Except for the $44,000 loan from Checinski to W.D. Inc., which petitioner claims was used by W.D. Inc., for construction costs, petitioners have offered little evidence to refute respondent's numerous other determinations. To support his testimony regarding the use of the Checinski loan, petitioner submitted a W.D. Inc., bank statement disclosing deposit of the loan proceeds which, although disclosing withdrawals, does not identify the payee or purpose of the withdrawals. Likewise, the $7,288.34 cash from the New Home Projects sale was deposited into Walter Demkowicz's personal account and it is impossible to decide from *113 the supporting evidence, a cash disbursement ledger, which entity received the benefit from such funds. Accordingly, we find the $44,000 and the $7,288.34 to be constructive dividends. Wichita Terminal Elevator Co.,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner Walter Demkowicz offered no evidence concerning the 1967 and 1968 dividends from both W.D. Inc., and New Home Projects arising out of unreported rental receipts and we find that he received $3,826.74 and $3,685.10 in 1967 and 1968, respectively, from W.D. Inc., as dividends. We also find that he received $9,615.50 and $8,932.08 in 1967 and 1968 from New Home Projects. No evidence was offered to refute respondent's determination that petitioner received and failed to report $1,000 commission income in both 1967 and 1968 nor has any evidence been offered concerning a $9,290.80 dividend from Franwal Realty Co., Inc., in 1967 and those items are found as determined. We only have petitioner's uncorroborated statements to the effect that the Korczynski project resulted in a loss and, without more, we find that Walter Demkowicz received income from personal services of $3,792.76 *114 in 1968 which he failed to report. Wichita Terminal Elevator Co.,supra.
There was no evidence regarding the sale by Walter and Dorothy Demkowicz of Walter Arms stock in 1967, and we, therefore, find $15,935.28 in long-term capital gain as determined by the Commissioner. The Commissioner disallowed a loss of $14,458.28 claimed by Petitioners Walter and Dorothy Demkowicz in 1969 as their distributive share of partnership loss on the grounds that the loss was a corporate loss. Walter Demkowicz contends that a partnership, Franwal Realty Co. consisting of himself, Mr. Jopek and a Frank Koczur existed in 1969. The only evidence supporting a partnership is a letter dated December 7, 1972, Form L-260, from the district director disclosing that a partnership return for 1969 was accepted as filed. It does not list Mr. Jopek and makes reference as follows: Re. Frank & Sophie Koczur Walter & Dorothy Denkowicz [sic] An unrecorded deed also purports to transfer property known as 653 North Broad Street from Franwal Realty Co. to Walter and Dorothy Demkowicz, 70 percent undivided interest, and Frank and Sophie Koczur, 30 percent undivided interest. The deed, it was explained, was *115 not recorded due to a $2,000 recordation cost and although it recites the value to be $1,000,000, the testimony of the alleged partners as to their interest in a partnership was unsure and unconvincing. On such a fragmented and confused record, we find petitioners have failed to show the existence of a partnership and we deny the loss. With regard to the section 6653(a) addition to tax for negligent or intentional disregard of the rules and regulations, the burden of proof is upon the petitioners to prove that the penalty was imposed in error. See, e.g., David Courtney,28 T.C. 658, 669-670 (1957). Walter Demkowicz testified that he delivered all documents to his accountant for the preparation of the various individual and corporate Federal income tax returns. We recognize that reliance upon an accountant is indicative of good faith in adhering to the rules and regulations covering the income tax laws. Leo A. Woodbury,49 T.C. 180, 200 (1967). The testimony was far from specific as to the details of what was delivered to the accountant. No testimony was *116 offered to explain why substantial amounts of income were omitted from the returns except the return of Walter and Dorothy Demkowicz for the taxable year 1966 and the return of Walter Demkowicz, Inc., for the taxable years 1966 and 1969. Numerous adjustments to the returns were not contested at trial nor was any attempt made to explain why they were not properly reported. The Commissioner's imposition of the addition to tax for negligence under section 6653(a) is therefore warranted against Petitioners Walter and Dorothy Demkowicz for the taxable years 1967, 1968 and 1969; against Petitioner Walter Demkowicz, Inc. for the taxable years 1967 and 1968 and against Petitioner New Home Projects, Inc. for the taxable years 1967 and 1968. Rhett W. Woody,19 T.C. 350, 355 (1952). Adjustments made to the returns for the other years are sufficiently doubtful as to the correct tax treatment that we do not conclude the underpayments of tax were due to negligence. Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Walter Demkowicz, Inc., docket No. 8481-72, and New Home Projects, Inc., docket No. 8482-72.↩
2. All Code section references are to the Internal Revenue Code of 1954, as amended, in effect during the taxable years involved, unless otherwise noted.↩
3. SEC. 1239. GAIN FROM SALE OF CERTAIN PROPERTY BETWEEN SPOUSES OR BETWEEN AN INDIVIDUAL AND A CONTROLLED CORPORATION. (a) TREATMENT OF GAIN AS ORDINARY INCOME.--In the case of a sale or exchange, directly or indirectly, of property described in subsection (b)-- (1) between a husband and wife; or (2) between an individual and a corporation more than 80 percent in value of the outstanding stock of which is owned by such individual, his spouse, and his minor children and minor grandchildren; any gain recognized to the transferor from the sale or exchange of such property shall be considered as gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231. (b) SECTION APPLICABLE ONLY TO SALES OR EXCHANGES OF DEPRECIABLE PROPERTY.--This section shall apply only in the case of a sale or exchange by a transferor of property which in the hands of the transferee is property of a character which is subject to the allowance for depreciation provided in section 167. (c) SECTION NOT APPLICABLE WITH RESPECT TO SALES OR EXCHANGES MADE ON OR BEFORE MAY 3, 1951.--This section shall apply only in the case of a sale or exchange made after May 3, 1951.↩