### FIRST NAT. BANK OF MOBILE v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 13097.

United States Court of Appeals Fifth Circuit.

July 7, 1950.

Scott P. Crampton, George E. H. Goodner, Washington, D. C., for petitioner.

Francis W. Sams, Ellis N. Slack, A. F. Prescott, Special Assistants to Attorney General, Theron Lamar Caudle, Assistant Attorney General, Charles Oliphant, Chief Counsel, Rollin H. Transue, Special Attorney, Bureau of Int. Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves alleged deficiencies in income and victory taxes on the estate of Aaron Lowenstein for the calendar years 1942 and 1943.

The questions presented, broadly stated, are (1) whether taxpayer may reduce its proportionate share of the income from a partnership for the calendar year 1942 by deducting its stipulated portion of the difference between the book value and fair market value of the partnership's opening inventory; and (2) whether the loss realized by taxpayer on the sale of the partnership interest is deductible as an ordinary loss, or as a capital loss subject to the limitations of Section 117(b) and (d) (2) of the Internal Revenue Code. Title 26 U.S.C.A., Sections 117(b) and 117(d) (2).

The material facts, briefly summarized, reveal that Aaron Lowenstein, deceased, was for many years prior to his death a member of the partnership firm of Taylor, Lowenstein & Company, which is engaged in the mercantile and naval stores business at Mobile, Alabama. The partnership agreement under which the business was conducted at the time of his death specifically provided that the partnership would not be dissolved upon the death of a partner, but would continue in effect for a full year from the first of the year next following such partner's death, after which period the remaining partners would have the right to purchase the deceased partner's interest. It was further provided that during the period in which the business was to be continued the deceased partner's personal representative would succeed to all of his interests in the partnership except the right of management, and that it would receive "all payments and credits, to which such deceased partner would have been entitled, if living".

At the date of Lowenstein's death, on July 8, 1941, the partnership inventory had a book value[1] of $665,771.78, and a fair market value of $721,191.40. Since he had been one of three equal partners in the business, the value of Lowenstein's one-third interest in the partnership inventory was therefore $221,923.93 according to book value, and $240,397.13 by fair market value. This difference of $18,473.20 between the above two methods of evaluating his interest in the partnership inventory was reflected in his estate tax return, since the statute and regulations required the assets of the estate to be reported at fair market value. See Title 26 U.S.C.A., Section 811; Section 113(a) (5); Treasury Regulations 105, Section 81.10.

For the tax year 1942 following the death of Lowenstein, the partnership computed its net income by using as its opening inventory the book value figure of $665,771.78. On this basis the partnership reported distributable income to taxpayer in the amount of $95,107.15. It is this latter figure which taxpayer claims should be reduced by the sum of $18,473.20, which amount represents the increased value of the partnership inventory by its fair market evaluation, as the same had previously been reported in the estate tax return.

Taxpayer contends that upon Lowenstein's death his estate owned a one-third interest in every item of the partnership inventory, and that in computing the loss from the sale of this inventory to the surviving partners in the year 1942 from which its partnership income was derived it is entitled to use the same basis of fair market evaluation at which the partnership inventory was reported in the estate tax return; that, in the alternative, it is entitled to the tax benefit to be derived from considering the loss from such sale as an ordinary loss deductible in full, rather than as a capital loss subject to the statutory limitation of $1,000.00. Title 26 U.S.C.A., Sections 117(b) and 117(d) (2).

■ We are of opinion the Tax Court correctly held that taxpayer may not reduce its proportionate share of the partnership income for the tax year 1942 by deducting its portion of the difference between the book value and fair market value of the partnership's opening inventory. All that the estate here acquired under the partnership agreement was Lowenstein's interest plus a contractual right to a share of the partnership income for a limited period. It did not acquire any specific partnership property or assets, nor was there any distribution to the estate of any part of the partnership inventory. Title 26 U.S.C.A., Section 113(a) (13) treats the partnership interest which taxpayer here acquired as something separate and apart from the partnership inventory and assets, and as having a basis of its own for tax purposes. It is the basis of this "partnership interest" which is subject to adjustment under Section 113(a) (5), and such adjustment in no wise affects the basis of the partnership inventory. See Ford v. Commissioner, 6 T. C. 499. Under such circumstances, we conclude there is no logical justification under the applicable statutes for disregarding the partnership as the tax computing entity,

---

1. This book value was based on either cost or market value, whichever was lower.

and assigning a different basis to taxpayer's share of the partnership inventory merely because such basis was used in the estate tax return. Consequently, there is no foundation for allowance of the deduction or adjustment here claimed. Cf. Commissioner v. Long, 5 Cir., 173 F.2d 471; Ford v. Commissioner, 6 T. C. 499.

■ We further hold that the loss from the sale of this partnership interest was not deductible as an ordinary loss, but only as a capital loss subject to the limitation provided by the statute. Title 26 U.S.C.A., Sections 117(b), 117(d) (2); see also, Commissioner v. Long, 5 Cir., 173 F.2d 471; Commissioner v. Smith, 5 Cir., 173 F.2d 470; United States v. Landreth, 5Cir., 164 F.2d 340.

Affirmed.