## GOLDBERG'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 168, Docket 21803.

United States Court of Appeals, Second Circuit.

Argued April 10, 1951.

Decided June 5, 1951.

As Amended on Denial of Rehearing June 29, 1951.

Benjamin E. Shove, Syracuse, N. Y., for petitioners.

Charles Oliphant, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen.,

Ellis N. Slack, Helen Goodner and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, Chief Judge, and CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The issue presented is whether a decedent's estate is taxable for his share of unrealized gross profits on installment obligations owing at the date of his death to a partnership of which he was a member. The facts are stipulated and are set out in the Tax Court's decision below, 15 T. C. 10. They may be summarized as follows: Meyer Goldberg died on August 11, 1945. He was at that time engaged in the furniture business with his two sons, under articles of partnership which provided that in the event of his death the sons would purchase his share of the partnership on stated terms and would "be entitled to continue the business as before without the interference of" his legal representatives. The partnership sold some of its furniture on the installment plan and it computed its net income on the installment basis provided in section 44(a) of the Internal Revenue Code, 26 U. S.C.A. § 44(a). Goldberg was entitled to 30% of the net profits of the partnership and on the date of his death his share in the unrealized gross profits from installment obligations owing the partnership was

$30,168.42. In a return covering the period January 1, 1945 to August 11, 1945, the executors of Goldberg's estate did not report this item as income, and they did not file a bond for the guarantee of ultimate tax payment as is permitted by section 44(d) of the Code. Contending that Goldberg's death effected a dissolution of the partnership and a transmission of his share of the unrealized profits within section 44(d) of the Code, the Commissioner of Internal Revenue assessed a deficiency of $22,320.89 for the period. His determination was sustained by the Tax Court, and the estate brings this petition for review.

The petitioner contends that the unrealized installment obligations were owned by the partnership while the decedent was living, that upon his death they remained partnership assets by force of the purchase agreement, and, therefore, they could not have been "transmitted" within the meaning of section 44(d), which is set out in the margin.[1] This argument rests upon the assumption, which we are unable to approve, that the tax code treats a partnership as an entity for all purposes. Unlike a corporation, which for tax purposes is treated as an independent jural personality, the partnership has been recognized by Congress as both a business unit and as an association of individuals.[2] In determining the applicability of a specific

1. 26 U.S.C.A. § 44(d): "Gain or loss upon disposition of installment obligations. If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable

were the obligation satisfied in full. This subsection shall not apply to the transmission at death of installment obligations if there is filed with the Commissioner, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the person receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment. * * * "

2. See Neuberger v. Commissioner, 311 U. S. 83, 88, 61 S.Ct. 97, 85 L.Ed. 58. Compare: First National Bank of Mobile v. Commissioner, 5 Cir., 183 F.2d 172, certiorari denied 340 U.S. 911, 71 S.Ct. 290, with Waddell v. Commissioner, 5 Cir., 102 F.2d 503; Thornley v. Commissioner, 3 Cir., 147 F.2d 416, with Randolph Products Co. v. Manning, 3 Cir., 176 F.2d 190; and Commissioner v. Lehman, 2

tax code section to transactions involving partnerships decision must be governed not by reference to general *a priori* formulas drawn from the common law nature of a partnership, but by reference to the Congressional purpose for which the particular section was enacted. In enacting section 44(d) Congress intended to fill an hiatus left by the Internal Revenue Act of 1926. Under that law an installment sale obligation held by a testator at death partially escaped taxation in the hands of his legatee because the legatee, who could value the obligation as of the time of receipt, received it on a "stepped-up" basis.[3] To close this gap, Congress provided in section 44(d) that recognition of unrealized installment contract gain should be accelerated where the gain, were it not for the decedent's death, would have been taxable to him upon its later receipt. So viewing the purpose of the section, we think the Tax Court was clearly right in holding section 44(d) applicable to the partnership transaction in this case. No reason has occurred to us why partnerships should be excepted, and the petitioner offers none. The petitioner may not be heard to say that Goldberg's share of the partnership installment profits will be fully taxed when finally realized by the surviving partners, in view of the position of the Treasury Department, which has been that one who receives unrealized installment obligations is not taxable on them except in so far as the amount ultimately realized exceeds his cost or other basis.[4]

For the reasons we have stated we think that for the tax purpose expressed in section 44(d) the decedent, and not the partnership, owned the unrealized installment obligation purchased by his surviving partners.

The Tax Court's decision is supported by a Fifth Circuit decision, Waddell v. Commissioner,[5] which, except for lack of a purchase agreement by the surviving partners, is on its material facts on all fours with the present case. The petitioner contends that the presence of the purchase agreement serves to distinguish Waddell, but this contention is merely another facet of petitioner's partnership entity argument which we have already rejected. If it is true, as we have held, that the acceleration of gain provided for in section 44(d) is unaffected by the partnership relation, then it is difficult to see how the deceased's contract to sell his share of the installment obligations can change this result. If anything, it strengthens our conclusion, for the contract to sell is further evidence that the obligations were in fact transmitted or sold to the surviving partners. The Tax Court was of the opinion that it was unable to distinguish Waddell v. Commissioner in principle, and so are we. Cases cited by the petitioner in support of his argument were all concerned with other sections of the tax code. For reasons which we have already indicated, they are inapposite.

The decision of the Tax Court is affirmed.

Cir., 165 F.2d 383, 7 A.L.R.2d 667, certiorari denied 334 U.S. 819, 68 S.Ct. 1085, 92 L.Ed. 1749, with Commissioner v. Whitney, 2 Cir., 169 F.2d 562, certiorari denied 335 U.S. 892, 69 S.Ct. 247, 93 L.Ed. 429.

3. See Crane v. Helvering, 2 Cir., 76 F.2d 99, 100.

4. See I. T. 3293, Cum.Bull. 1939–1, p. 183; I. T. 2521, Cum.Bull. IX–1 (1930), p. 123.

5. 102 F.2d 503. See also Helvering v. Estate of Enright, 312 U.S. 636.