**BRIGHT v. UNITED STATES.**

Civ. A. No. 12057.

United States District Court
E. D. Pennsylvania.

July 31, 1953.

John C. Gilpin, Philadelphia, Pa., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Charles Mehaffy, Sp. Assts. to Atty. Gen., Joseph G. Hildenberger, U. S. Atty., Phildelphia, Pa., for defendant.

CLARY, District Judge.

This is an action by Stanley Bright to recover the sum of $8,344.51 of 1944 income tax collected on behalf of the United States by the then Collector of Internal Revenue of this District. In addition to the above amount assessed as a deficiency by the Commissioner of Internal Revenue, interest in the amount of $2,103.95 was paid. Claim for a refund was duly filed, disallowed, and this suit resulted.

The facts have been stipulated of record. The Stipulated Facts, excluding Paragraphs 8, 9 and 10 which I deem irrelevant, are adopted as the Findings of Fact of the Court. Briefly summarized, they are as follows: Stanley Bright, the taxpayer, had a 7/10ths interest in a partnership consisting of himself, G. Howard Bright and Richard D. Edwards. The partnership operated a department store at Lansford, Pennsylvania, and sold some of its merchandise on

the installment plan. Prior to 1944 the partnership reported the installment sales on the deferred payment plan permitted by Section 44(a) of the Internal Revenue Code, 26 U.S.C.A. On December 31, 1943, plaintiff entered into an agreement with his partners to sell his $\frac{7}{16}$th interest. Part of the agreement provided that the remaining partners should be entitled to continue the business of the partnership under the partnership name. Settlement pursuant to the terms of the agreement was made on January 31, 1944, and the plaintiff received in return for his interest the sum of $133,865.74, the basis of his interest was stated as $111,271.87. The difference, $22,593.87, was reported by the taxpayer as a long-term capital gain. This amount was exactly equal to $\frac{7}{16}$ths of installment sales profits which he might have become entitled to, if he had remained a partner and the profits as shown on the firm's books had been realized.

In auditing the taxpayer's return, the Commissioner determined that plaintiff's sale of his $\frac{7}{16}$ths interest in the partnership, including a profit of $22,593.87, was a realization of the installment profits under Section 44(d) of the Code and was therefore taxable as ordinary income. Plaintiff, on the other hand, contends that Section 44(d) is inapplicable since this was a sale of an interest in a partnership and, as such, was properly taxable as a capital gain.

Section 44 of the Internal Revenue Code provides the method for reporting income from sales on the installment plan. Section 44(a) permits the taxpayer to report as gross income that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price. Prior to 1944 this privilege was availed of by the partnership. But Section 44 allowing the privilege is limited by Section 44(d) which provides that if an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of,

"Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received."

There is no dispute in this case that the property in respect of which these installment obligations were received was a noncapital asset, viz., merchandise or stock in trade. Nor can there be, in my opinion, any doubt on the stipulated facts that the plaintiff herein "sold" and "disposed of" his interest in the installment sales. He received on January 31, 1944, his proportionate share of the unrealized profits of the partnership's total installment sales. The transaction, therefore, in my opinion, falls within the purview of Section 44(d).

Briefly stated, plaintiff's contention is that he disposed of an interest in a partnership, that such an interest is a capital asset even though the assets of the partnership may not be capital in nature, and that his only real interest in the assets was that they should be devoted to the firm business and that he would share in any profits they produced and in the surplus on dissolution of the partnership, citing C. I. R. v. Lehman, 2 Cir., 165 F.2d 383. The premise upon which plaintiff's argument is based is that a partnership is a legal entity with an existence separate and apart from that of the individual partners. To prevail on that theory, plaintiff must surmount the hurdles of the holdings in Waddell v. Commissioner, 5 Cir., 102 F.2d 503, and Goldberg's Estate v. Commissioner, 2 Cir., 189 F.2d 634. In the Goldberg case, the same argument here advanced was made and was rejected by the Court of Appeals for the Second Circuit. In that case, decedent owned a 30% interest in unpaid installment obligations owing to a partnership of which he was a member at the time of his death. By a purchase agreement the surviving partners had the right to purchase decedent's share and to continue the business without interference of decedent's legal representatives. The court disposed of the entity argument with the following language in 189 F.2d at page 636:

"The Tax Court's decision is supported by a Fifth Circuit decision, Waddell v. Commissioner, which, except for lack of a purchase agreement by the surviving partners, is on its ma-

terial facts on all fours with the present case. The petitioner contends that the presence of the purchase agreement serves to distinguish Waddell, but this contention is merely another facet of petitioner's partnership entity argument which we have already rejected. If it is true, as we have held, that the acceleration of gain provided for in section 44(d) is unaffected by the partnership relation, then it is difficult to see how the deceased's contract to sell his share of the installment obligations can change this result. If anything, it strengthens our conclusion, for the contract to sell is further evidence that the obligations were in fact transmitted or sold to the surviving partners. The Tax Court was of the opinion that it was unable to distinguish Waddell v. Commissioner in principle, and so are we. Cases cited by the petitioner in support of his argument were all concerned with other sections of the tax code. For reasons which we have already indicated, they are inapposite."

A recent Tax Court case, Woody v. C. I. R., 19 T.C. 350, dealt with the effect of a sale by one partner to another of his interest in a partnership. The Tax Court there ruled that the Commissioner properly treated the profits from installment sales as ordinary income to the selling partner.

The cases relied on by plaintiff in support of his contention afford him little comfort since those cases involve the application of other sections of the Internal Revenue Code and are, therefore, inapposite. Goldberg's Estate v. Commissioner, supra, 189 F.2d at page 637. Plaintiff seeks to avoid the results of the Waddell, Goldberg and Woody decisions by attempting to distinguish the instant case on the ground that under Section 27 of the Uniform Partnership Act of Pennsylvania, 59 P.S. § 74, a conveyance of a partner's interest in a partnership does not in itself dissolve a partnership, but that Section must be read in conjunction with Section 29 of the same Act, 59 P.S. § 91, which provides as follows:

"The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business."

There is nothing in the law of Pennsylvania which would serve to distinguish the instant case in principle from the Waddell, Goldberg and Woody cases. The Commissioner, therefore, properly taxed the profit realized by the taxpayer as ordinary income, and defendant is entitled to judgment in its favor.

### Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Plaintiff disposed of his interest in the installment contracts of the partnership of which he was a member.

3. The disposition of his interest was subject to the provisions of Section 44(d) of the Internal Revenue Code and any profit thereon was taxable as ordinary income.

4. The action of the Commissioner in assessing the deficiency tax was proper.

5. Defendant is entitled to judgment in its favor.