**Ed KRIST and Florine Krist, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14085.

United States Court of Appeals Ninth Circuit.

March 20, 1956.

Rehearing Denied May 11, 1956.

Arthur B. Willis, Richard H. MacCracken, Willis & MacCracken, Los Angeles, Cal., William A. Blakley, Blakley, Walker, Dolman, Shoptaw & Wilson, Dallas, Tex., for appellants.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Harry Baum, C. Maxley Featherston, Sp. Assts. to Atty. Gen., for respondent.

Before FEE and CHAMBERS, Circuit Judges, and LING, District Judge.

LING, District Judge.

Petitioners seek review of a decision of The Tax Court.

The following facts are stipulated: Petitioner and Florine Krist were husband and wife during the taxable year in question, residing in Los Angeles, California. They filed separate returns for the calendar year 1944 with the collector of internal revenue for the sixth district of California, at Los Angeles.

On or about October 1, 1939, petitioner and one Morris Greenspun formed a partnership known as Ed Krist Company (hereinafter referred to as the partnership). The purpose of the partnership was to purchase and subdivide real estate and to construct homes for sale thereon. Its business was carried on under an oral agreement by which profits and losses were divided equally between petitioner and Morris Greenspun.

The partnership elected to report gains on sales of houses it built on the installment basis, pursuant to the provisions of section 44 of the Internal Revenue Code, 26 U.S.C.A. § 44. This practice was continued until August 19, 1944.

On January 11, 1943, Morris Greenspun sold his entire interest in the partnership to one William A. Blakley, who, with petitioner, thereafter continued to conduct the business as before.

On July 7, 1944, the Ed Krist Company (hereinafter referred to as the Corporation) was organized under the laws of the State of California. On July 19, 1944, it issued capital stock of $100 par value as follows:

Petitioner (Ed Krist)...500 shares
William A. Blakley.....250 shares
Otis A. Brightwell, Jr....250 shares

On August 19, 1944, petitioner and William A. Blakley signed an Agreement of Sale with the Corporation, which provided, in part, as follows:

"Whereas, it is the desire of the said Ed Krist Company, a corporation, to buy all interests in said business regardless of how it may now be held or described;"

the partners agreed to sell for the sum of $427,839.40

" * * * all of the property, real, personal and/or mixed, and every interest of every kind whatsoever held or owned by the said Ed Krist and Wm. A. Blakley by their interest in the Ed Krist Company, a co-partnership, as it may be represented in the name of Ed Krist Company, Ed Krist individually, Florine Materials Company, or any other individual or concern as nominee for Ed Krist Company, said sale, assignment and transfer to convey every asset wherever situated, including the trade name Ed Krist Company, Florine Materials Company and any other company, enterprise or asset owned and operated by the (partnership) * * *

"It is intended * * * to convey * * * each and every asset constituting any interest (of the partners and) * * *

" * * * that the interest in (the partnership) * * * not only conveys the assets but all of the rights, privileges and authorities heretofore held by the said Ed Krist and Wm. A. Blakley * * *."

The Corporation also assumed all liabilities of the partnership.

The total sales price was to be equally divided between petitioner and Blakley. Each received a cash payment of approximately $53,479, representing 25 per cent of his total share, and a note in the principal sum of approximately $160,439, payable in three installments, due one, two, and three years from date of sale. All transfers of interests, rights, assets and liabilities included in the sales agreement were duly made.

Among the assets of the partnership, acquired by the Corporation, was a tract of land identified as No. 12,999 on which 329 houses, 38 per cent completed, were being built. These houses were finished and sold by the Corporation in 1945, 1946, and 1947. The Corporation also acquired installment accounts due from previous sales by the partnership, having an unrealized profit value of $205,-158.98.

The partnership filed a final return of income for that part of its fiscal year in which it was in existence, October 1, 1943, to August 19, 1944.

Petitioner and his wife, in their 1944 returns, reported the $53,479.93 cash payment from the Corporation as a long-term capital gain.

Respondent disallowed such treatment and determined that: (1) $205,158.98, representing the amount of unrealized profit on installment obligations transferred to the Corporation, was taxable in full under the provisions of section 44(d) of the Internal Revenue Code, as income received in 1944; and that (2) $222,680.42, representing the difference in the amount of unrealized profits on installment obligations and the total sales price of $427,839.40, constituted ordinary income. He permitted 25 per cent of the $222,680.42 to be reported in 1944, the remainder to be reported when payment was made by the Corporation on its notes.

Petitioner, by the sales agreement of August 19, 1944, transferred his partnership interest to the Corporation.

The Commissioner contends that pursuant to Section 44(d) of the Internal

Revenue Code, taxpayer's share of the $205,158.98, representing profits on the outstanding installment obligations was taxable in 1944 as ordinary income. Taxpayer, on the other hand, argues that what passed to the vendee corporation in the form of installment obligation contracts was a partnership asset, and that a sale or exchange of partnership assets should be accorded capital gains treatment. The theory being that the partnership and its members should be treated as separate entities for tax purposes. The same argument has been rejected in the following cases: Bright v. United States, D.C., 113 F.Supp. 865; Goldberg's Estate v. Commissioner, 2 Cir., 189 F.2d 634; Waddell v. Commissioner, 5 Cir., 102 F.2d 503; Woody v. Commissioner, 19 T.C. 350.

In each of foregoing decisions the argument was disapproved on the ground that although taxpayer and the partnership in which he was a member are treated as separate entities for some purposes, the language of Section 44(d) quite clearly does not provide for such treatment, nor is there any reason to believe that Congress intended separate treatment. If a partnership is to reap the advantages of Section 44(b) which permits apportionment of income, it must take subject to the burden of Section 44(d) which provides that immediate taxable gain shall result in case of sale or exchange of the deferred amount. The reasoning followed in the above cited cases is sound and is applicable to the situation here.

Taxpayer advances the further argument that even if the installment obligations should be treated as ordinary income, this income, may itself be reported on the installment basis. No authority is cited to support this view, nor can we find merit in so novel a contention. The result would appear to be at variance with the expressed desire of Congress to terminate the privilege of further deferring gain if Section 44(d) is applied.

The decision of the Tax Court is affirmed.