R. E. NELSON, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32013, 32014, 32015, 32016, 32017.   Promulgated December 30, 1952.

*D. H. Markstein, Esq.*, for the petitioners.
*Frederick T. Carney, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Lillie L. Nelson, Docket No. 32014; Ouida Nelson Cagle, Docket No. 32015; Gordon Earl Wood, Docket No. 32016; Gordon H. Wood, Testamentary Trust, R. E. Nelson, Trustee, u/w Gordon H. Wood, Docket No. 32017.

OPINION.

ARUNDELL, *Judge:* The question before us is whether the sum of $17,960.49, distributed by the Wood Company to its stockholders in 1946, constituted a dividend or repayment of a loan. In support of their contention that the distribution constituted repayment of a loan, the petitioners allege that this sum, plus approximately $2,400 which

is not in issue, was loaned to the Wood Company by its organizers in 1937 upon incorporation.

The incorporation of the Wood Company in 1937 followed the dissolution of a partnership composed of its three organizers, R. E. Nelson, Gordon H. Wood, and W. H. Wood. These individuals paid into the corporation $22,360.56 in cash, of which some $2,000 was designated capital stock. The remaining $20,360.56 was entered on the corporate books as Donated Surplus. Each of the organizers received 6⅔ shares of the total capital stock consisting of 20 shares of common with a par value of $100.

The petitioners contend that the parties to the transaction intended a loan of the $20,360.56 to the Wood Company. However, as has been stated in numerous cases where the question was whether the transfer of sums to a corporation by its stockholders constituted a loan or contribution to capital, the intention of the parties is relevant; but an allegation that the parties intended a loan is not conclusive and must yield to the facts when they disclose a contrary intent. *Isidor Dobkin*, 15 T. C. 31, affd., per curiam, 192 F. 2d 392; *Erard A. Matthiessen*, 16 T. C. 781; *Sam Schnitzer*, 13 T. C. 43; cf. *Edward G. Janeway*, 2 T. C. 197.

We think this principle is particularly applicable here when in addition to the usual facts indicating that the transfer did not constitute a loan there is an admittedly double intention. Although it is contended the parties to the transaction intended a loan, it is at the same time admitted that they intended that the corporation was to return the sum only if and when it had earned and accumulated sufficient funds and could make the distribution without jeopardizing its credit standing. Furthermore, the sum was to be repaid, not to the alleged lenders, but to whomsoever were the stockholders of the Wood Company at the time of the distribution, and the distribution was to be in proportion to their stockholdings. The interest in this sum followed the stock certificates and was the property of the stockholder even if the buyer and seller of the stock failed to take into account the value of this interest when fixing the sales price of the stock. As explained in our findings, the holdings of two of the original stockholders were by devise and *inter vivos* transfer acquired by some of the petitioners herein who continued to be stockholders in 1946 and shared in the distribution in question. It is difficult to conclude that a transfer made under these circumstances constituted a loan.

Another of the factors indicating that the transfer in 1937 was a contribution to capital is the obviously inadequate capitalization that would have existed if the transfer constituted a loan. The corporation's only capital in that event would have been the $2,000 contributed for capital stock. The Wood Company purchased 5 to 20

carloads of beer per month at a cost of $1,600 and up per carload. Even after taking into account the fact that some of its purchases were on credit and all of its sales were for cash, we think it is clear that the corporation could not have operated with capital of only $2,000. We think the stockholders had every reason to believe that the $2,000 contributed for capital stock was only a fraction of the minimum requirement for operating. Cf. *Sam Schnitzer, supra; Alfred R. Bachrach*, 18 T. C. 479. As we pointed out in *Edward G. Janeway, supra*, when there is an obviously inadequate capitalization, a strong inference arises that a sum transferred to a corporation by its stockholders and called a loan is really risk capital. Cf. *Hilbert L. Bair*, 16 T. C. 90.

Among other significant factors is the fact that there is no note or other evidence of the alleged indebtedness, and the alleged loan bore no interest and had no due date. See *Erard A. Matthiessen, supra*. Moreover, the sum in question was referred to not as a loan or form of indebtedness but from the time of the incorporation of the Wood Company it was referred to as Donated Surplus and was carried as such on the corporation's books of account and balance sheets. In addition, it was included as part of the corporation's equity invested capital in the corporation's excess profits tax returns.

Finally, there is present here an important factor stressed in several cases where it was found that the transfer of funds by a stockholder to a corporation constituted a contribution to capital. That factor is the equal proportion between the sum transferred and the stock issued. As we have explained above, each of the original stockholders in the instant case transferred one-third of the sum in question and each received one-third of the capital stock in return. See *Isidor Dobkin, supra; Edward G. Janeway, supra; Hilbert L. Bair, supra*.

What we have set forth above is sufficient to distinguish *Weaver v. Commissioner*, 58 F. 2d 755, the main authority relied on by the petitioners. There the corporation was organized with a subscribed capital stock in the sum of $200,000 and the sum in question, which was not transferred until approximately five years later, totaled $100,000, or one-half of the capital stock. Moreover, the sum was to be returned to the lenders, not as here to the stockholders at the time of the distribution; and, in addition, the sum was in fact returned to the lenders in the exact amount loaned.

Taking together the double intention and the other factors we have discussed above, we think it is clear that the transfer in 1937 did not constitute a loan but was, instead, a contribution to capital. Therefore, the distribution of $17,960.49 by the Wood Company to its stockholders in 1946 did not constitute repayment of a loan. Since the petitioners have offered no other argument in opposition to the

respondent's determination that the distribution was out of the Wood Company's earnings and profits and therefore a taxable dividend, we must sustain the respondent. Section 115 (a) and (b), Internal Revenue Code.

The next issue is whether the failure of three of the petitioners to make and file returns for the taxable year 1946 was "due to reasonable cause and not due to willful neglect"; [3] and whether any part of the deficiency in the 1946 income tax liability of the two remaining petitioners was "due to negligence, or intentional disregard of rules and regulations." [4]

The deficiency in the case of all of the petitioners results solely from the failure to report the distribution in question as taxable income in 1946. The petitioners, acting in good faith, relied on the advice of an accountant who had advised them that the distribution constituted repayment of a loan and was not taxable income. The accountant had recommended the form of capitalization of the Wood Company and had prepared its Federal income tax returns for several years. He was conversant with tax matters and was fully apprised of the facts relating to the distribution. Under these circumstances, we think it is clear that no part of the deficiency was due to negligence or intentional disregard of rules and regulations; and, further, that the failure of three of the petitioners to file 1946 income tax returns was due to reasonable cause and not due to willful neglect. *Commissioner* v. *Lane-Wells Co.*, 321 U. S. 219; *Reliance Factoring Corp.*, 15 T. C. 604; *Rhett W. Woody*, 19 T. C. 350.

*Decisions will be entered under Rule 50.*

[3] SEC. 291. FAILURE TO FILE RETURN.

In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due. to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate.

[4] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency * * *.