R. M. GUNN, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40658–40667, 40671. Filed December 9, 1955.

[1] Proceedings of the following petitioners are consolidated herewith: Alma L. Gunn, Docket No. 40659; R. M. Gunn, and Alma L. Gunn, Docket No. 40660; Arthur T. Saunders, Docket No. 40661; Margueret A. Saunders, Docket No. 40662; Arthur T. Saunders and Margueret A. Saunders, Docket No. 40663; R. E. Stanford, Docket No. 40664; Peggy Q. Stanford, Docket No. 40665; Ainslie Perrault, Docket No. 40666; Mae Frances Perrault, Docket No. 40667, and Allied Paint Manufacturing Company, Docket No. 40671. The issues in Docket Nos. 40666 and 40667 are also involved in Ainslie Perrault and Mae Frances Perrault, Docket No. 40668, which this Court has heard, together with other consolidated proceedings. It is agreed that the Court's determination in Docket Nos. 40666 and 40667 will be binding in Docket No. 40668.

*Randolph E. Paul, Esq., Louis Eisenstein, Esq., James D. Fellers, Esq.,* and *Graham Loving, Esq.,* for the petitioners.

*John P. Higgins, Esq.,* for the respondent.

426

428

OPINION.

ARUNDELL, *Judge:* The issues for our decision arise from a series of happenings in 1946 among five partners of a limited partnership operating under the name of the Allied Paint Company, their legal advisors, Mosteller and McElroy, and a newly formed corporation called Allied Paint Manufacturing Company.

As set forth in our findings, we have determined that these happenings must be treated as parts or steps in a single transaction. So regarded, the several individual partners must be held to have transferred their interest in the Partnership assets to the Corporation and thereafter to have controlled the Corporation in the same proportion that they held the Partnership assets. This would place the transaction as one falling under section 112 (b) (5) of the Internal Revenue Code of 1939,[2] in which no gain or loss would be recognized.

This was the holding of the District Court for the Western District of Oklahoma and the Court of Appeals for the Tenth Circuit, which affirmed that decision in *Houck* v. *Hinds*, 215 F. 2d 673. Houck was one of the special partners in the partnership with which we are here dealing and the transaction passed on by the Court of Appeals is the identical one with which we are here concerned. Our findings of fact are substantially like those made by the District Court and considered on appeal and we agree with the conclusion of these courts that in substance what actually occurred was a single transaction wherein the five partners transferred their partnership property to a corporation solely in exchange for notes totaling $582,773.54, and at the same time subscribed for all of the corporate stock. Cf. *Commissioner* v. *Court Holding Co.*, 324 U. S. 331.

Our next question is to determine whether the notes totaling $582,773.54 constituted evidence of indebtedness or whether they constituted evidence of the stockholders' proprietary interest in the business in the nature of "stock" as that term is used in section 112 (b) (5) of the 1939 Code. While they were in the form of notes, they were in direct proportion to the stock subscriptions and to the partners'

---

[2] SEC. 112. RECOGNITION OF GAIN OR LOSS.

   (b) EXCHANGES SOLELY IN KIND.—

      (5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

interest in the Partnership. In determining whether the relationship of the noteholders to the Corporation is proprietary or debtor-creditor, we must look at all the circumstances surrounding the creation of the Corporation and the execution of the notes and not merely the form that was adopted. *Higgins* v. *Smith*, 308 U. S. 473; *Proctor Shop, Inc.*, 30 B. T. A. 721, affd. 82 F. 2d 792. We note that each partner subscribed for identically the same proportionate interest in the Corporation as he held in the partnership and received a like proportionate interest in the notes. Although the average annual net assets or capital of the business increased gradually from $49,939.15 in 1939 to $267,349.30 in 1946, the only form-capital the Corporation had was $1,000 in cash and $49,000 in stock subscriptions. This was a ratio of form-indebtedness to form-capital of about 11 to 1. This ratio would tend to indicate that under the circumstances here present the relationship between the Corporation and the noteholders might well be proprietary rather than debtor-creditor. *Swoby Corporation*, 9 T. C. 887; *R. E. Nelson*, 19 T. C. 575; *Isidor Dobkin*, 15 T. C. 31, affd. 192 F. 2d 392.

Petitioners argue that the notes should not be treated as risk capital because they were payable at a fixed time and were not, according to the petitioners, put to the risk of the business in the same manner that capital was. This position is not realistic. This case is not one where capital, in addition to that specifically covered by the notes and stock, is contributed to the Corporation for its use in operations as was found in *Sheldon Tauber*, 24 T. C. 179. In the *Tauber* case, over $150,000 of assets were transferred to the corporation in addition to the assets transferred for stock and notes.

It is also interesting to note that payment on the notes ceased as soon as the respondent determined that such payments constituted dividends rather than proceeds of a sale. In this respect, the notes bear a close resemblance to the notes involved in *Gooding Amusement Co.*, 23 T. C. 408 (on appeal C. A. 6) where certain of the noteholders displayed an intention of not enforcing payment of their notes or asserting the rights of bona fide creditors.

After careful consideration of the several criteria referred to above, it is our conclusion and holding that the notes in question constituted in substance a proprietary interest in the Corporation in the nature of stock rather than a bona fide indebtedness.

Petitioners contend that section 112 (b) (5) is not applicable because that section applies "only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange." In this connection, petitioners argue that because the partnership agreement permitted the general partner to buy the interest of any special partner for an amount equal to 110

per cent of its book value and because, as noteholders, the special partners had an assured interest in the appreciated value of the business and as stockholders they would share in the future growth of the business, unencumbered by Perrault's power to buy them out, their interests expanded and Perrault's interest contracted. We see no merit in this argument. Since Perrault (the general partner) at no time elected to buy out any of the special partners, the interests of the latter remained as they were and they received the same percentages of notes and stock. We hold for the respondent on this point. *Houck v. Hinds, supra.*

Since we have held that the so-called notes payable to the stockholders did not constitute a valid indebtedness of the Corporation but represented capital invested in the business, and since the Corporation had sufficient accumulated earnings with which to make the payments on the notes which were made in 1946 and 1948, we think it follows that such payments were dividends under section 115 (a) or (g) of the 1939 Code, and that it is not necessary in this Opinion to determine whether the payments were dividends under subsection (a) or subsection (g) of section 115. They were dividends under one or the other of the subsections and that is all that is necessary for us to decide. See *Emil Stein,* 46 B. T. A. 135; *Gooding Amusement Co., supra; Houck v. Hinds, supra.*

The second issue is whether amounts accrued as interest on the above-mentioned notes are deductible by the Corporation as "interest paid or accrued within the taxable year on indebtedness" under section 23 (b) of the 1939 Code. The respondent also contends that in any event section 24 (c) of the 1939 Code is applicable. Having held under the first issue that the notes did not constitute "indebtedness" of the Corporation, it follows that the Corporation is not entitled to any deduction for interest paid or accrued on such notes. It thus becomes unnecessary to consider the respondent's contentions under section 24 (c).

The third and final issue is whether the basis for depreciation to the Corporation on the assets acquired from the five partners is the cost of such assets as set out in the bill of sale or the prior basis of such assets in the hands of the transferors under sections 114 (a), 113 (b), and 113 (a) [3] of the 1939 Code. Since we have held under

---

[3] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

    *     *     *     *     *     *     *

   (8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

      (A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) * * *, or

      (B) as paid-in surplus or as a contribution to capital,

then the basis shall be the same as it would be in the hands of the transferor * * *

the first issue that the property in question was acquired after December 31, 1920, by the Corporation by the issuance of its stock in connection with a transaction described in section 112 (b) (5), it follows that the basis to the Corporation is the same as it would be in the hands of the transferors.

*Decisions will be entered under Rule 50.*

*Randolph E. Paul, Esq., Louis Eisenstein, Esq., James D. Fellers, Esq.,* and *Graham Loving, Esq.,* for the petitioners.
*John P. Higgins, Esq.,* for the respondent.

