244 F.2d 408
 57-1 USTC P 9632
 Ainslie PERRAULT and Mae Frances Perrault, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Repsondent.
R. M. GUNN, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent (two cases).
Alma L. GUNN, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Arthur T. SAUNDERS, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Margueret A. SAUNDERS, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Arthur T. SAUNDERS and Margueret A. Saunders, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
R. E. STANFORD, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Peggy Q. STANFORD, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ainslie PERRAULT, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Mae Frances PERRAULT, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
ALLIED PAINT MANUFACTURING CO., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 5465-5476.
 United States Court of Appeals Tenth Circuit.
 April 19, 1957.
 
 Graham Loving, Jr., Oklahoma City, Okl. (Louis Eisenstein, Washington, D.C., and James D. Fellers, Oklahoma City, Okl., were with him on the brief), for petitioners.
 David O. Walter, Washington, D.C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D.C., were with him on the brief), for respondent.
 Before HUXMAN, MURRAH and LEWIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners seek to review decisions of the Tax Court involving the personal income tax liabilities of the individual petitioners for the years 1946 and 1948 and the corporate income tax liability of the Allied Paint Company for the years 1947, 1948, and 1949. The Tax Court has determined that income claimed by the individual petitioners as proceeds from a sale and taxable as a capital gain should be treated as dividend income and subject to normal rates.[1] The corporate adjustments are routine if the Tax Court's position is sound as applied to the individual petitioners.
 
 
 2
 The basic transaction giving rise to the instant dispute is the identical transaction involved in this court's consideration of Houck v. Hinds, 10 Cir., 215 F.2d 673. The individual parties here were partners of Houck whose case was considered on appeal for claim of refund for the year 1946. The substantive question presented is identical and, in reliance upon Houck, the Tax Court has reached the same conclusions and result as we affirmed in that case.
 
 
 3
 Although petitioners have elaborately briefed the case they can draw no factual or legal distinction of significance between the two cases. In Houck the findings of fact were sustained by this court without examination because the record did not contain the transcript of testimony below. In the present case the record is complete and the findings, adequately supported by the evidence, are substantially the same.
 
 
 4
 The decision of the Tax Court of the United States in each case is affirmed.
 
 
 
 [1]
 The findings and opinion of the Tax Court are reported at 25 T.C. 424 and 25 T.C. 439