JOSEPH FORNI and DORIS FORNI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent JOSEPH FORNI ASSOCIATES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forni v. Commissioner
Docket Nos. 5426-73. 5427-73.
United States Tax Court
T.C. Memo 1975-254; 1975 Tax Ct. Memo LEXIS 123; 34 T.C.M. (CCH) 1089; T.C.M. (RIA) 750254; July 30, 1975, Filed Daniel C. George and Walter F. McQuade, for the petitioners. Steedly Young, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined that the petitioners are liable for additions to tax as follows: Taxable
Additions to Tax
Year
Sec. 6651(a) [1] Sec. 6653(a)
Joseph and Doris Forni
1969
$7,158.18
$1,804.79
1970
0
314.97
Joseph Forni Associates, Inc.
1970
671.32
199.39
The issues for our decision are: (1) Whether the failure of Joseph Forni and Doris Forni to timely file their Federal income tax return *124 for the taxable year 1969 and whether the failure of Joseph Forni Associates, Inc., to timely file its Federal income tax return for the taxable year 1970 were due to reasonable cause and not to willful neglect within the meaning of section 6651(a). (2) Whether the underpayment of tax by Joseph Forni and Doris Forni for the taxable years 1969 and 1970 and whether the underpayment of tax by Joseph Forni Associates, Inc., for the taxable year 1970 were due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). On the motion of the respondent, these cases were consolidated for purposes of trial, briefs and opinion. FINDINGS OF FACT Some of the facts have been stipulated. Such facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Joseph and Doris Forni are husband and wife and at the time their petition herein was filed they resided in North Miami, Florida. They filed joint Federal income tax returns for the taxable years 1969 and 1970 and an amended income tax return for the taxable year 1970 with the Internal Revenue Service Center at Chamblee, Georgia. Petitioner Joseph Forni Associates, *125 Inc., is a corporation with its principal place of business in North Miami, Florida, on the date of the filing of the petition herein. Its Federal corporate income tax return for the taxable year 1970 and an amended income tax return for that year were filed with the Internal Revenue Service Center at Chamblee, Georgia. During the years in issue, Joseph Forni was engaged in the business of advertising commercial art. Prior to June 1, 1969, this was accomplished through the use of a cash basis sole proprietorship, Joseph Forni Associates. Thereafter, a corporate structure, Joseph Forni Associates, Inc., was used. The day to day income and expenditures of the Fornis and of Joseph Forni Associates, Inc., were handled by either Joseph Forni or his office clerk. They mailed out invoices, received payments, paid expenses and made bank deposits. A filing system was set up which, among other things, segregated expenses into "paids" and "payables." A personal checking account for the Fornis and a business checking account for Joseph Forni Associates, Inc., was maintained during these years at the Pan American Bank of Dade County. During the years in question and for some 12 years prior *126 thereto, the books and records of the business were maintained by the North Miami Beach Bookkeeping & Tax Service operated by a William Gerstein. Gerstein handled all the bookkeeping and tax services, state and federal, including the preparation of tax returns. His office being a short distance from Joseph Forni Associates, Inc., Gerstein would from time to time stop by to extract from the files the cancelled checks, monthly bank statements, and whatever else he needed to keep the books and records of the business up to date. From these sources and statements, he calculated the business income and prepared the tax returns of Joseph and Doris Forni and of Joseph Forni Associates, Inc. The procedure used in preparing the individual tax returns of the Fornis and the corporate return of Joseph Forni Associates, Inc., for the years in issue was the same as in years prior. Gerstein would pencil in the information and figures on a return and thereafter would discuss each item with Joseph Forni. Prior to the due date, he would have the Fornis sign either the penciled return which would be completed by typing in the figures or he would have them sign a blank return which would later be filled *127 in. If there was any money due, Forni would leave it with Gerstein at that time. The signed returns were always left with Gerstein to be completed and mailed. Having done this, the Fornis assumed that the returns were timely filed by Gerstein. They never attempted to verify whether or not he had actually done so. When Forni met with Gerstein to sign the 1969 returns, he complained about his individual tax liability for 1968 which had been large. Gerstein told him that there would be some type of adjustment in regard to the 1968 return and no money would be required of the Fornis for 1969 at the time of filing. Therefore, Joseph Forni did not pay any money at that time for any balance due on his 1969 personal return. In the summer of 1970, an audit was made of the 1968 return and a deficiency was agreed to in an amount exceeding $4,000. In May 1971, an agent for the Internal Revenue Service informed the Fornis that their 1969 personal return and the 1970 corporate return had not been filed. Gerstein gave the Fornis no reason for his failure to file the returns. However on being questioned by an Internal Revenue agent, Gerstein stated that he deliberately withheld the filing of the *128 1969 individual tax return of Joseph and Doris Forni as he was waiting for results from an examination of their taxes for a prior year. No explanation was given why an extension for filing was not asked for in regard to either of the returns. The joint Federal income tax return of Joseph and Doris Forni for the taxable year 1969 was filed on June 4, 1971, showing taxable income in the amount of $27,124. No extension of time for filing the return had been granted. Their joint Federal income tax return for the taxable year 1970 was filed on June 15, 1971, within the time limit, as extended by application, and showed adjusted gross income in the amount of $8,663. An amended return for 1970 was subsequently filed showing adjusted gross income in the amount of $28,351. All the returns were prepared by Gerstein. The corporate Federal income tax return of Joseph Forni Associates, Inc., for the taxable year 1970 was filed on July 16, 1971, showing taxable income of $2,239. No extension of time for filing the return had been granted. An amended return for that year was subsequently filed. Both returns were prepared by Gerstein. Joseph Forni had opened a business checking account with *129 the Bank of Dade County on March 6, 1969, and closed it on November 13, 1969. On May 29, 1969, a receipt of $23,204.56 from Paradise Island, Ltd., a major client, was deposited to this account. This receipt was income to the sole proprietorship. However, it was not reported on either Schedule C of the individual return of the Fornis for that year or on the corporate return of Joseph Forni Associates, Inc., for that year. The Fornis omitted from their Schedule C income for 1969 the amount of $8,999.45 on account of 1968 invoices for which payment was received in 1969. In addition, they deducted on their Schedule C for 1969, the amount of $48,126 on account of the alleged type and media expenses when $8,000 of said deduction was for a nondeductible stock purchase. They also deducted the amounts of $16,580 on account of alleged salary expense and $786 on account of alleged payroll taxes when the proper deductions for said items were $1,610 for salary expense and $77.28 for payroll taxes. On their Schedule D for 1969, the Fornis showed a single capital transaction resulting in a short-term capital loss of $6,456 with a deductible loss of $1,000. In fact, they engaged in several transactions *130 resulting in net short-term capital losses of $618.16, net longterm capital gain of $577.92 and a resulting deductible loss of $40.24, and an adjustment to income of $959.76. The original joint Federal income tax return of the Fornis for 1970 showed income from wages, salaries, tips, etc., in the amount of $15,965. However, the corporation's original 1970 return showed compensation of officers as follows: Joseph Forni
$31,200
Doris Forni
5,565
$36,765 The Fornis' amended return for that year included the difference of $20,800 as Schedule C income. On their Schedule D for 1970, the Fornis showed four capital transactions yielding net short-term capital losses of $3,314, net long-term capital gains of $1,246, net loss of $2,068, and a deductible loss of $1,000. However, in 1970, the Fornis engaged in other capital transactions which resulted in net short-term capital losses of $178.07, net long-term capital gains of $2,285.76, net gain of $2,107.69, 50 percent deduction of $1,053.85, reportable Schedule D income of $1,053.85, and an adjustment to income of $2,053.85. Pursuant to an audit, petitioners Joseph and Doris Forni agreed to adjustments increasing *131 their taxable income for the taxable years 1969 and 1970 in the amounts of $54,510.50 and $33,926.23, respectively, computed as follows: Items Adjusted
Increase (Decrease) in Taxable Income
1969
1970
Schedule C Income
$55,203.55
$20,800.00
Dividend Income
156.00
265.00
Capital Loss Decrease
959.76
2,053.82
Farm Loss Decrease
1,047.00
1,087.00
Standard Deduction
1,000.00
Itemized Deductions
Taxes
(369.00)
(434.50)
Interest - Home
(678.00)
(652.50)
Interest - Other
(442.81)
(193.88)
Sales Tax
(262.00)
(300.00)
Contributions
(104.00)
(200.00)
Keogh Plan Deduction
(2,000.00)
Personal Exemptions
(2,500.00)
Preferential Dividends
14,001.29
$54,510.50
$33,926.23 They also agreed to an addition to tax of $1,257.78 pursuant to section 6651(a)(1) computed upon the balance shown due on the untimely return for 1969. On the corporate return of Joseph Forni Associates, Inc., for 1970, the amount of $6,565 was deducted for auto and travel expenses. This amount included $1,455.29 which the corporation paid out for the benefit of the Fornis, which amount was not a legitimate business expense. Part of the said $1,455.29 was expended *132 on a European vacation for the Fornis. In addition, on the corporation's return for 1970, the amount of $343,679 was reported as gross receipts when in fact, the actual gross receipts for the corporation for 1970 was $358,884.60. Pursuant to an audit, petitioner Joseph Forni Associates, Inc., agreed to adjustments increasing taxable income for the taxable year 1970 in the amount of $15,445.47, computed as follows: Increase (Decrease)
in Taxable Income
Travel and Entertainment
$ 1,455.29
Depreciation
(12.90)
Additional Income
15,205.60
Sales Tax
(612.76)
Net Operating Loss Carry Forward
330.00
Additional Contributions Deduction
allowed due to excess 1969
contributions and statutory
adjustments
(919.76)
$15,445.47
The respondent determined that Joseph and Doris Forni are liable for additions to tax for failing to file a timely return for the year 1969 and for negligently or intentionally underpaying tax for the years 1969 and 1970. He also determined that Joseph Forni Associates, Inc., is liable for additions to tax for failing to file a timely return and for negligently or intentionally underpaying tax for the taxable year 1970. OPINION
*133 The petitioners contend that the failure to file the respective returns on time was due to reasonable cause, not willful neglect, and therefore, they are not liable for an addition to tax pursuant to section 6651(a). That section provides as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 53 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional *134 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; It is incumbent upon the petitioners to show not only a lack of willful neglect but also reasonable cause for their failure to file their respective returns on time. West Virginia Steel Corporation,34 T.C. 851 (1960); Conlorez Corp.,51 T.C. 467 (1968). Whether the taxpayer has met the burden of proof imposed upon him is a question of fact for the Court. Sanders v. Commissioner,225 F. 2d 629 (C.A. 10, 1955). Joseph and Doris Forni's individual income tax for 1969 was filed on June 4, 1971, more than 13 months late. The corporate income tax return of Joseph Forni Associates, Inc., for 1970 was filed on July 16, 1971, more than 4 months late. In both cases, the reason given for the late filings was that the petitioners delegated the task of preparing and filing the returns to an accountant whom they had used for some 12 years and, therefore, that the lateness was the accountant's fault and not *135 theirs. A taxpayer who has failed to file a timely return may demonstrate reasonable cause by showing that he acted in good faith reliance upon the advice of an accountant to whom full disclosure of the relevant facts were made. West Coast Ice Co.,49 T.C. 345 (1968); Paula Construction Co.,58 T.C. 1055 (1972). However, this is limited to situations where a taxpayer relies upon the professional advice or judgment as to a question of tax law and especially as to whether certain tax returns are required. West Coast Ice Co.,supra.See Estate of Henry P. Lammerts,54 T.C. 420 (1970), aff'd per curiam 456 F. 2d 681 (C.A. 2, 1972). Here, although there was a question of whether Joseph and Doris Forni had to pay any money in regard to the 1969 return, there was no question as to whether or not a return was required from them individually for 1969, or from Joseph Forni Associates, Inc., for 1970. The petitioners knew that Gerstein had prepared returns for the years in question. Thereafter, they merely relied upon him *136 for the ministerial act of filing the returns. The filing of a return when due is the responsibility of the taxpayer and reliance upon an accountant or attorney to so file is no excuse for late filing. Logan Lumber Co. v. Commissioner,365 F.2d 846 (C.A. 5, 1966), affirming on this issue a Memorandum Opinion of the Court; Jane U. Elliott,40 T.C. 304 (1963); Ferrando v. United States,245 F. 2d 582 (C.A. 9, 1957); R. A. Bryan,32 T.C. 104 (1959), William H. Mauldin,60 T.C. 749 (1973). We therefore conclude that there was no reasonable cause for the untimely filing of Joseph and Doris Fornis' return for 1969 and for the untimely filing of the 1970 corporate return of Joseph Forni Associates, Inc. In regard to the additions to tax pursuant to section 6653(a), the petitioners contend that they did not negligently nor intentionally disregard rules and regulations in underpaying the taxes for the years in question. Section 6653(a), provides as follows: *137 SEC. 6653. FAILURE TO PAY TAX (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. The burden is on the petitioners to show that the respondent's determinations under this section are erroneous. Carroll F. Schroeder,40 T.C. 30 (1963). The Fornis agreed to adjustments increasing taxable income in 1969 and in 1970 in the amounts of $54,510.50 and $33,926.23, respectively. Joseph Forni Associates, Inc., agreed to adjustments increasing taxable income in 1970 in the amount of $15,445.47. The understatements were due mainly to certain unreported gross receipts. In addition, there were excessive business expense deductions and excessive capital loss deductions. The petitioners' position is that they relied on Gerstein *138 to prepare the returns and they furnished him with all the records. They contend that any negligence involved was on the accountant's part and is not attributable to them. We disagree. Ultimate responsibility for a correct return is on the petitioners. Pohlen v. Commissioner,165 F. 2d 258 (C.A. 5, 1948), affirming a Memorandum Opinion of this Court. Reliance on an agent, whether or not he be an expert is no excuse for negligence in preparing an incorrect return where there is no doubt as to the taxability or deductibility of the items involved. Cf. Hyman B. Stone,22 T.C. 893 (1954); Vern W. Bailey,21 T.C. 678 (1954). See also Pohlen v. Commissioner,supra.The petitioners have not shown that there was any doubt about whether the unreported items were properly includable in gross income or about the proper amounts of the excessive deductions. Only where income is understated because of expert advice as to includability or deductibility, will reliance on such advice be a good defense against the negligence *139 penalty. Rhett W. Woody,19 T.C. 350 (1952); L.L. Moorman,26 T.C. 666 (1956); R. E. Nelson,19 T.C. 575 (1952). In addition, the actions of the petitioners themselves indicate a personal carelessness or negligence that independently supports the additions pursuant to section 6653(a). The fact that the petitioners agreed to adjustments causing inclusions of certain items of income for the years in question itself supports the imposition of the negligence penalty. Elsie SoRelle,22 T.C. 459, 489 (1954). The sum of $23,204.56 received from Paradise Island, Ltd., on May 29, 1969, was not reported by Joseph and Doris Forni and no explanation was given why it was not. No evidence was presented to show that this amount was even made known to Gerstein. The size of the omission in comparison with the taxable income reported in 1969 of $27,124 is strong evidence of negligence. See L. Glenn Switzer,20 T.C. 759 (1953). No evidence was presented to explain why the $8,999.45 of 1968 invoices paid in 1969 was omitted from Joseph and Doris Fornis' return for that year or why $8,000 expended for stock *140 was deducted as a media expense for that year. On that same return, $16,580 was deducted as a salary expense when the correct expense was $1,610. This leads us to the conclusion that either the Fornis signed a blank return that year without looking over the items, which is negligence in itself, Vern W. Bailey,supra, or that they were simply negligent in checking over the pencilled copy. Although the Fornis knew that they engaged in several stock transactions in 1969 only one was reported on their return. Even a cursory review of the return would have brought that to their attention. The same is true for their 1970 return where four transactions were reported when in fact several others were engaged in. For the year 1970, the Fornis' return showed total wages and salaries received of $15,965. However, the corporate return for that year showed a salary expense of $36,765. By an amended return the difference of $20,800 was reported as Schedule C income. No explanation was given for the omission. In regard to the omission of $15,205.60 from the corporate return for 1970, no explanation was presented. Sloppy bookkeeping appears to be the reason why $1,455.29 of the Fornis' *141 personal expenses was deducted on the corporation's return for 1970. The petitioners have failed to show that no part of the understatements for each of the years in question was due to negligence or intentional disregard of rules and regulations. If such understatement resulted from the inadequacy or inaccuracy of their records, the petitioners were negligent in keeping such records. See Carroll F. Schroeder,supra.If, on the other hand, the understatements were caused intentionally or otherwise, by the person who prepared the petitioner's returns, the petitioners were negligent in failing to detect and rectify the discrepancy between their records and their returns. American Properties, Inc.,28 T.C. 1100 (1957), affirmed per curiam, 262 F. 2d 150 (C.A. 9, 1958); Harold B. Franklin,34 B.T.A. 927 (1936). In either event, the imposition of the negligence penalty for each of the years in question was proper. The petitioners have not carried their burden of proving error in the respondent's determination. In accordance with the above, Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue, Code of 1954, as amended, unless otherwise indicated.↩