DAVID CHIRA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chira v. Commissioner
Docket No. 2263-90
United States Tax Court
T.C. Memo 1991-309; 1991 Tax Ct. Memo LEXIS 361; 62 T.C.M. (CCH) 86; T.C.M. (RIA) 91309; July 8, 1991, Filed *361 Decision will be entered under Rule 155. Held: Petitioner has failed to meet his burden of proving unsubstantiated expenses and conceded other issues. Held Further: Petitioner is not liable for additions to tax under section 6653(a). David Chira, pro se. Leonard T. Provenzale, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM OPINION Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Tax Year
Sec.
Sec.
Sec.
Sec.
Ended
Deficiency
6653(a)(1) [1]
6653(a)(2)
6653(a)(1)(A)
6653(A)(1)(B)
12-31-85
$ 3,742
$ 187.10
50% of the  --  --     interest due
on $ 3,742   12-31-86
$ 3,623
--  --     $ 181.15
50% of the  interest due
on $ 3,623   *362 The parties have filed a stipulation of agreed and disputed adjustments which stipulation is included herein by this reference. The disputed adjustments for each of the 2 years are as follows: 12-31-85
12-31-86
Car and truck expenses
$ 2,161
$ 2,312
Depreciation
6,222
-0- Travel & entertainment
4,683
4,320
Self-Employment
1,542
1,581
In addition, the section 6653(a) addition to tax is in dispute. For convenience our Findings of Fact and Opinion are combined. At the time the petition in this case was filed, petitioner was a resident of Hollywood, Florida. During the 2 years involved, petitioner sold time-sharing at Bryce Ski Resort on a commission basis. In order to effect his sales he stayed at the Day's Inn near the Bryce Ski Resort. He was forced to pay his own meal and lodging expenses. In addition, petitioner would normally pick up his customers in the morning and show them around for most of the day, buying them breakfast, lunch, and dinner. Petitioner, therefore, had expenses evidenced by receipts which were used by his tax return preparer to prepare his tax returns. However, petitioner lost all of the receipts prior to the trial. Petitioner *363 also incurred automobile expenses. He made no effort at trial to provide a reasonable reconstruction as to the amounts of these expenses. See sec. 1.274-5(c)(5), Income Tax Regs.
Petitioner bears the burden of proof that he is entitled to deduct the disputed expenses. Rule 142(a). It is clear that he did incur expenses. However, petitioner has failed to meet the strict substantiation requirements of section 274 and under such circumstances the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), does not apply. See sec. 1.274-5(a), Income Tax Regs. Accordingly, petitioner has failed to meet his burden of proof and therefore, respondent's adjustments are sustained. In addition, petitioner has not offered any evidence to support the depreciation and self-employment expenses. Therefore, we conclude that he has conceded these issues. Petitioner also bears the burden of proof with regard to the negligence addition to tax under section 6653(a). Petitioner has shown that he relied upon his tax return preparer to file his returns. We believe petitioner's reliance thereon satisfies his burden that the negligence addition is not appropriate under the circumstances *364 here. See Nelson v. Commissioner, 19 T.C. 575, 581 (1952). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩